Rick PEARSON *v.* STATE of Arkansas

CR 77-185                                    558 S.W. 2d 149

Opinion delivered December 5, 1977
(Division II)

514

*Robert S. Blatt,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was placed on five years' probation pursuant to his plea of nolo contendere to a charge of theft of property. As a condition of his probation, he was ordered to pay restitution in the amount of $3,266, which was the value of the cash and merchandise allegedly stolen, at the rate of $150 per month. Upon appellant's failure to make the monthly payments, the trial court found that appellant had violated his probation, set it aside, fround him guilty of theft of property, and sentenced him to three years' imprisonment. On appeal, appellant asserts, through his court appointed counsel, that the trial court abused its discretion in revoking his probation because the state failed to sustain its burden of proving that the nonpayment of restitution was willful or in bad faith and that he had the ability to pay.

As a condition of probation, the trial court is authorized

to require the defendant to make restitution to the aggrieved party, "in an amount he can afford to pay, for the actual loss or damage caused by his offense." Ark. Crim. Code § 41-1203 (2) (h) (1976). A court may revoke the probation, enter a judgment of conviction, and impose any sentence that may have been imposed originally for the offense "if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation." Ark. Crim. Code § 41-1208 (4) and (6) (1976).

At the time of his plea, appellant made no objection to the amount set as restitution and after reading the Statement of the Court Respecting Probation in the presence of his attorney, he signed it, acknowledging that he understood it, and accepted all conditions imposed by the court. It is undisputed that appellant, after making the first two monthly payments, had failed for four consecutive months to make the required restitution payments before the first revocation hearing. Appellant testified that he was unable to make the payments because he had a wife and three children to support; had to pay other bond fee expenses and had been waiting to see what was going to happen on another criminal charge; he cleared about $115 a week and would "like to have 60 days to get it caught back up where I could afford to make my $150 a month payments . . . .;" sixty days "would help me quite a bit" because "[t]hey are getting ready to start a big project and I'm going to get about 32 hours a week overtime." The court postponed a decision to "see what Mr. Pearson has done . . . [o]r whether he has done anything." The court stated to appellant, "you give the appearance of just really not caring until you get in a crack so we'll just see what the next four weeks bring. . . . "

Approximately a month and a half later, another hearing was held. Appellant admitted failing to make any payments on the arrearage. In the interval two other payments became delinquent. Appellant stated that he had been trying to sell his car to make the payments, but he had to pay $500 to the bonding company to get his car back so he could sell it. Appellant's wife testified that they were "going to pay the $500 to the court here . . . . but since they had postponed it we had took the $500 to pay the bonding company

over here so we could sell this car and make up all these payments." She stated that she had gotten the car back a couple of weeks before and was using the car now "just to show it." Further she testified that there were prospective buyers who were "just trying to get the money up."

Heretofore, in a revocation proceeding, we have required the appellant to demonstrate the court abused its discretion. Hereafter, we require appellant to show the court's finding was clearly against the preponderance of the evidence.

In the circumstances we cannot say that the court's finding that appellant had inexcusably failed to ιcomply with the condition of his probation is clearly against the preponderance of the evidence.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.