Arthur S. FELIX *v.* STATE of Arkansas

CA CR 86-149                                    723 S.W.2d 839

Court of Appeals of Arkansas
Division I
Opinion delivered February 11, 1987

*John W. Settle*, by: *J. Fred Hart, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Arthur S. Felix, appeals a decision of the Sebastian County Circuit Court revoking his suspended sentence. On November 2, 1984, appellant pleaded guilty to a charge of forgery, and imposition of sentence was suspended for three years on the condition that he make restitution in the amount of $74.19 and pay a fine of $250.00 plus costs.

A petition to revoke was filed on September 17, 1985, alleging appellant had failed to make any payment on his fine, still owed $4.19 on his restitution, and had committed the offense of rape, all in violation of the terms of his suspended sentence. Although a hearing on the petition was held on November 8, 1985, the court took the case under advisement and it was not until April 8, 1986, that the appellant's suspended sentence was revoked and he was sentenced to serve five years in the Arkansas Department of Correction.

At the initial hearing, appellant's wife testified that her two and a half year old daughter by a previous marriage had complained to her and to others that appellant had "licked her in the vaginal area." In addition, two Fort Smith police officers testified that they had interviewed the child and she had told them essentially the same story. A deputy sheriff also testified that the Sebastian County Sheriff's records showed that appellant had made no payments on his fine.

Appellant testified, admitting that he still owed $4.19 on his restitution, but contending he had sent a $100.00 money order to the circuit clerk's office as payment on his $250.00 fine and it was never returned to him. However, the court's judgment suspending imposition of sentence required that the fine be paid to the sheriff's office and the deputy sheriff said he did not know of anyone ever trying to make payment of a fine to the clerk's office. He also said if they did, he would think the clerk would send it to the sheriff's office. Appellant also denied having ever touched his

stepdaughter in an improper manner.

On appeal, appellant first argues the judgment of the trial court was contrary to the preponderance of the evidence. He argues that there is no evidence of penetration, an essential element of rape; that the state's case was based entirely on hearsay; and that the state's witnesses were totally unbelievable.

In a hearing to revoke, the burden is upon the state to prove the violation of a condition of the suspended sentence, and on appellate review, the trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Cavin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984); *Pearson v. State*, 262 Ark. 513, 558 S.W.2d 149 (1977). A determination of preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony and in that respect we defer to the superior position of the trial court. *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). Furthermore, the rules of evidence are not applicable in revocation proceedings. *Lockett v. State*, 271 Ark. 860, 611 S.W.2d 500 (1981); *Redman v. State*, 265 Ark. 774, 580 S.W.2d 945 (1979); *Fitzpatrick v. State*, 7 Ark. App. 246, 647 S.W.2d 480 (1983); Ark. R. Evid. Rule 1101(b)(3) (Repl. 1979).

Even if the evidence did not establish penetration, it was clearly sufficient to establish the lesser included offense of sexual abuse in the first degree as set out in Ark. Stat. Ann. § 41-1808(1)(c) (Repl. 1977). The court's judgment suspending imposition of sentence was also conditioned upon "good behavior" and the evidence was sufficient for the court to find that this condition was violated.

Furthermore, the evidence was also sufficient to establish that appellant had failed inexcusably to completely make restitution and to pay the fine and court costs which were also conditions of his suspended sentence. The case of *Bearden v. Georgia*, 461 U.S. 660 (1983), requires that a court, when considering revocation for failure to pay a fine, must consider whether the failure was willful or due to inability regardless of bona fide efforts to pay. In the instant case, the evidence supports a finding that appellant willfully failed to pay. He testified that he had held several jobs after being placed on a suspended sentence. He quit one job at a truck stop because he "just couldn't handle

that walking around with an apron on, so I quit . . . ." After that, he worked laying a waterline for $4.00 an hour. He also testified that when he and his wife married he had saved about $300.00. In addition, Mrs. Felix testified that she had suggested to appellant that they break up because he "wouldn't work."

We cannot say that the court's finding that appellant had violated the conditions of the court's judgment suspending imposition of sentence was clearly against the preponderance of the evidence.

Appellant also argues that the petition to revoke should have been dismissed because the judgment of the court was not rendered within sixty days of his arrest. Ark. Stat. Ann. § 41-1209(2) (Repl. 1977) provides, however, that the *hearing* must be held within this time and appellant concedes this provision was complied with. The purpose of this requirement is to assure that a defendant is not detained in jail for an unreasonable time *awaiting* his revocation hearing. *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980). Appellant cites no authority in support of his argument that judgment must be given within sixty days and we know of none. Nor do we know of any reason why it would be an abuse of discretion for the trial court to take the matter under consideration for a period of time as was done in this case. Furthermore, we fail to see how appellant was prejudiced by this delay in judgment since he was given full credit for jail time served.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.