Jimmy ROSS *v.* STATE of Arkansas

CA CR 87-64                                    738 S.W.2d 112

Court of Appeals of Arkansas
Division II
Opinion delivered October 28, 1987

■ ■

*Hankins & Childers*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant pled guilty to the offense of felon in possession of a firearm on August 6, 1986. The trial court suspended his sentence for three years. In November 1986 the appellant was placed on probation after he had violated a condition of his suspended sentence. From a revocation of the suspended sentence in January, 1987, comes this appeal.

The appellant's first argument concerns the legality of his sentence. He argues first that the trial court could not suspend the execution of his sentence but could suspend imposition of the sentence, and that the trial court erroneously placed him on a suspended sentence and placed him on probation. We find no error in the court's original sentence.

■ According to Ark. Stat. Ann. § 43-2326.1 (Supp. 1985), a court now has the authority to suspend execution of sentences under the same circumstances as required for suspending imposition of a sentence. This statute was in effect when the appellant pled guilty in August 1986.

■ The appellant alleges that the trial court placed him on probation and suspended his sentence, and cites *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980), for the proposition that the court's action was improper. We hold that the trial court did not err because we find that the appellant was not placed on probation until November 1986.

■■ The judgment states that the appellant received a suspended sentence. However, a second page of conditions is entitled "Conditions of Probation." None of these conditions required the appellant to report to a probation officer. Placing a defendant on probation requires the supervision of a probation officer. *Culpepper, supra.* Furthermore, as between these two seemingly inconsistent documents, the certified copy of the original judgment is conclusive. *Hunter v. State*, 278 Ark. 428, 645 S.W.2d 954 (1983); *Smith v. State*, 18 Ark. App. 152, 713 S.W.2d 241 (1986). The document entitled "Conditions of

Probation" was merely an attempt to comply with the requirement that a defendant be notified of the conditions of suspension or probation. *See* Ark. Stat. Ann. § 41-1203 (Repl. 1977).

It is clear from the record that the appellant was later placed on probation in November 1986. Prior to November 14, 1986, the appellant had been arrested four times for public intoxication. One of the conditions of the original sentence was that the appellant was to refrain from violating any federal, state, or local law. Rather than revoke the appellant's suspended sentence in November 1986, the trial court decided to place the appellant on supervised probation. The appellant remained in jail through January 14, 1987. On December 5, 1986, the appellant was given a list of conditions of probation which he signed. We do not find any error in the trial court's sentencing in November 1986.

The appellant also argues that the evidence was insufficient to support the revocation. On appellate review, this Court will not overturn the findings of the trial court unless they are clearly against the preponderance of the evidence. *Jared* v. *State*, 17 Ark. App. 223, 707 S.W.2d 325 (1986).

The State alleged that the appellant violated the conditions of his suspended sentence by using alcoholic beverages and refusing to take a breathalyzer test. The State only needed to show that the appellant had violated one of the conditions. *Farr* v. *State*, 6 Ark. App. 14, 636 S.W.2d 884 (1982).

The appellant reported to his probation officer on January 14, 1987. The officer testified that the appellant had an odor of alcohol about him and that he stumbled. The appellant admitted that prior to reporting to the probation officer he had consumed "three beers and a half-pint." The evidence was sufficient to support a conclusion that the appellant violated a condition of his probation by using alcohol.

In November 1986, the trial court ordered the appellant to undergo Antabuse treatments. The appellant was in jail from the time of this hearing until the day before he was arrested at the probation office. The appellant testified that he had never gotten the treatments while in jail. The appellant argues that it was an abuse of the court's discretion to send the appellant to prison for using alcohol because the trial court in effect was sentencing the

appellant because he was an alcoholic. We find no abuse of discretion.

The revocation occurred because the appellant violated a condition of his probation and not because he was an alcoholic. Furthermore, it is obvious that the trial court did take into consideration that the appellant may have had a problem with alcohol because, instead of revoking the suspended sentence after the appellant had been arrested four times for public intoxication, the court attempted to rehabilitate the appellant by placing him on probation and ordering the Antabuse treatments. We find no abuse of discretion.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.