Tilman Clayton RUSSELL *v.* STATE of Arkansas

CA CR 87-234                                753 S.W.2d 298

Court of Appeals of Arkansas
Division I
Opinion delivered July 13, 1988

*Mark R. Johnson* and *Jack D. Files*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the revocation of a suspended sentence. On February 7, 1985, appellant Tilman Russell pleaded guilty to seven separate charges pending against him in Jackson County. He was sen-

tenced to the Arkansas Department of Correction for five years, four years of which were suspended subject to certain conditions, among which were that he lead a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law punishable by imprisonment.

On June 12, 1987, the state filed a petition to revoke alleging appellant had violated the terms of his suspended sentence in that on December 20, 1986, he was arrested in Sharp County, Arkansas, and was found to possess over three ounces of marijuana, and therefore, possessed a controlled substance with intent to deliver it. After a hearing held August 7, 1987, the circuit court in Jackson County revoked appellant's suspended sentence and sentenced him to four years in the Arkansas Department of Correction to run concurrent with the sentence he had received in Sharp County.

On appeal to this court, the appellant makes two contentions. One is that the state did not introduce sufficient evidence to support a finding that appellant violated a condition of his suspended sentence. In a revocation hearing, the state has the burden to show a violation by a preponderance of the evidence and, on appellate review, the trial court's findings are affirmed unless clearly against a preponderance of the evidence. *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986); *Dunavin v. State*, 18 Ark. App. 178, 712 S.W.2d 326 (1986). The rules of evidence do not apply to revocation hearings, *Felix v. State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987); and the trial court may consider all relevant evidence, *Harris v. State*, 270 Ark. 634, 606 S.W.2d 93 (Ark. App. 1980).

Two witnesses testified for the state. The first witness was the circuit clerk of Jackson County. He identified the original judgment of the appellant's February 7, 1985, conviction, and a certified copy of the judgment was introduced into evidence.

The next witness was Bob Wilkin, a probation officer for Jackson County. Mr. Wilkin testified that he was present in the courtroom on February 7, 1985, when appellant entered a plea of guilty to various charges in Jackson County and was sentenced to five years with four suspended. He testified that he was also in the Sharp County Circuit Court on June 23, 1987, when the jury returned a verdict finding the appellant guilty of possession of a

controlled substance with intent to deliver. He said he was "vaguely" familiar with the Sharp County case, did not know who arrested the appellant on the charge for which he was being tried, had no personal knowledge of the facts, and was present in the courtroom just at the end of the trial when the jury verdict was returned.

This was the extent of the state's case and the only evidence offered by the appellant was just prior to the calling of the state's first witness. At that time, counsel for appellant made an oral motion stating that the case should not be heard because the Sharp County conviction had been appealed but not yet decided. Appellant's counsel then introduced into evidence a copy of the appellant's Notice of Appeal and Designation of Record filed in the Sharp County case. The court overruled the appellant's motion and later in the proceedings revealed his reasoning by stating that the petition for revocation was not based on a conviction but on an allegation that appellant had violated a law of the state. The conviction, the court said, was simply evidence of the violation—whether appealed or not.

At the conclusion of the state's evidence, the appellant moved that the petition for revocation be dismissed because the evidence was not sufficient to prove that the appellant had violated a condition of his suspended sentence. This brings us back to the first argument in the appeal to this court. Applying the standard of review set out above, we cannot say that the trial judge's finding that appellant had violated a law punishable by imprisonment is clearly against the preponderance of the evidence. The rules of evidence do not apply as to admissibility, and we have evidence of the finding of a violation by a Sharp County jury, testified to by a probation officer who knew the defendant there was the same defendant placed on suspended sentence in Jackson County.

Appellant's next argument on appeal does reveal a defect in the state's evidence. This argument is based on the fact that the state's evidence did not show a violation of the law committed during the four years of the appellant's suspended sentence. For all we know, from the evidence presented, the violation for which appellant was convicted in Sharp County could have occurred prior to his conviction in Jackson County.

However, we do not believe this matter was sufficiently called to the trial court's attention. In *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985), our supreme court said:

> We have consistently held that where there is a particular defect in the State's proof that might readily have been corrected had an objection been made, the absence of any objection prevents the point's being raised for the first time on appeal. For instance, where the State's proof by accomplices is not corroborated, the absence of an objection on that ground at trial waives the omission. [Citation omitted.]

285 Ark. at 281. In the instant case, the closest the appellant got to stating the specific grounds now urged on appeal was the statement that "the petition to revoke is predicated solely on the commission of a particular act and we feel that the state did not prove that." This is followed by a reference to the probation officer's statement that he "vaguely" remembered what happened in court. There is, however, no statement that the proof failed to show that there was a violation of the law *during the period of appellant's suspended sentence.* Had this specific objection been called to the court's attention, it seems highly likely that the missing proof could have been supplied. Surely, the state had a copy of the Sharp County Judgment or the Information filed in that county, one of which probably stated the date of the violation involved. We simply do not think that the motion to dismiss was specific enough to meet the requirements of the law.

Finally, the appellant argues that the trial court *lacked jurisdiction* to revoke his suspended sentence because the state did not show that a violation of a condition of the suspended sentence occurred during the period the sentence was suspended. Appellant argues that jurisdiction may be raised at any time.

■ While it is unquestionably true that the issue of jurisdiction can be raised at any time, we do not agree with appellant's contention that the trial court lacked jurisdiction in this matter. In Arkansas, the circuit court has subject matter jurisdiction to try cases involving the violation of criminal statutes and has the authority to impose or suspend sentences and to revoke those suspended sentences. *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). In the instant case, the circuit

court clearly had jurisdiction over the subject matter of the revocation hearing and the appellant was properly before the court. *Banning* v. *State, supra.*

Affirmed.

COOPER and JENNINGS, JJ., agree.