Shawn TIPTON *v.* STATE of Arkansas

CA CR 94-120 887 S.W.2d 540

Court of Appeals of Arkansas
En Banc
Opinion delivered November 30, 1994

*John I. Purtle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. On June 8, 1993, appellant Shawn David Tipton pled guilty to the offenses of breaking or entering, theft of property, and burglary. He was sentenced to five years on each count with each sentence suspended on the condition that he not commit any offenses punishable by imprisonment. On July 12, 1993, the State filed a show cause petition which indicated that appellant had been charged with first degree criminal mischief and asked that appellant's suspended sentences be

revoked. A hearing was held and the trial court revoked appellant's suspended sentences.

On appeal appellant alleges that there was insufficient evidence to revoke his suspended sentences. Appellant specifically alleges that the "trial court erred in holding that charging the appellant with a crime was good cause to revoke the suspension of a prior suspended sentence." The appellant is simply incorrect in his assertion that the trial court based its decision to revoke solely on the fact that the appellant had been charged with a crime. The trial court revoked appellant's suspended sentence based on the evidence presented at the hearing. The trial court stated its holding as follows:

> BY THE COURT: Based upon the testimony of Officer Quinn and the court file of State versus Shawn David Tipton, CR-93-93, I find he has violated terms of the suspended execution of sentences imposed in CR 93-51, 92-116 and 92-118. I revoke those suspended sentences and order him to serve whatever is remaining on those sentences. He will get credit for jail time, which does not appear on the judgment and commitment on file at this time. Amended judgment and commitments will be completed and it will be on those.

Officer Rusty Quinn with the Morrilton Police Department testified that several reports were received that windows were shot out of vehicles and commercial buildings, and he conducted an investigation in which the appellant and two others were suspects. Officer Quinn testified that he interviewed the two other suspects in the case, Trampas Bryant and Michael Patton, and both confessed to the shooting spree, and both stated that appellant played "an active part" in the shooting. Without objection, Quinn testified in part that: "Both of the suspects that gave a statement, after understanding their rights, stated that they had an active part and also [appellant] Mr. Tipton had an active part in shooting different areas." After the State rested, appellant testified but did not deny his involvement in the shooting spree.

In a hearing to revoke, the burden is upon the state to prove a violation of a condition of the suspended sentence by a preponderance of the evidence, and on appellate review, the

trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Russell* v. *State*, 25 Ark. App. 181, 753 S.W.2d 298 (1988). The rules of evidence are not applicable in revocation proceedings. *Felix* v. *State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987).

 Appellant argues on appeal that even if the statements of Bryant and Patton implicated appellant in the criminal mischief, the uncorroborated statement of an accomplice is not sufficient to prove a charge. As the State correctly points out, however, corroboration of an accomplice's testimony is not necessary to have a sufficient basis to revoke a suspended sentence. *Ellerson* v. *State*, 261 Ark. 525, 549 S.W.2d 495 (1977). Appellant did not object to any of Officer Quinn's testimony and did not make any arguments at the hearing concerning accomplices. We cannot say that the trial court's finding that appellant had violated the conditions of the court's judgment suspending imposition of sentence was clearly against a preponderance of the evidence.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent because I believe that the evidence was not sufficient to support revocation of the appellant's suspended sentences. Despite the majority's statement to the contrary, I think it clear that the trial court based its decision to revoke solely on the fact that the appellant had been charged with a crime. The trial court's order was based upon an express finding that "Testimony was given by Inv. Phillip R. Quinn regarding case no. CR93-93 in which the defendant was charged with Criminal Mischief in the First Degree." The order was based upon this finding. Although the majority quotes the trial court's statement from the bench as indicating that the revocation was based on the officers' testimony regarding their interviews of the other suspects, the order makes it clear that the trial court relied upon their testimony that the appellant was charged.

I submit that reliance on the mere fact that the appellant was charged constitutes an egregious violation of due process and the appellant's right under the Confrontation Clause to confront witnesses against him. *See Goforth* v. *State*, 27 Ark. App.

150, 767 S.W.2d 537 (1989). Furthermore, even if the officers' testimony regarding their interviews with the other suspects is considered, their statements that the appellant played an "active" role in the events is a mere conclusion which, without more, cannot constitute sufficient evidence to support the revocation. There is no testimony whatsoever of a specific, illegal act committed by the appellant that would warrant the action taken by the trial court. We have said that a determination:

> must be based upon facts testified to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts . . . .

*Gunnell* v. *Gunnell*, 30 Ark. App. 4, 780 S.W.2d 597 (1989). Although *Gunnell* is a divorce case, the standard of review employed therein is identical to that applicable to the case at bar, and I submit that revocation of a suspended sentence requires a quantum of proof no less than that necessary to obtain a divorce.

I respectfully dissent.