Montrevel BILLINGS *v.* STATE of Arkansas

CA CR 95-651                                     921 S.W.2d 607

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 1996

*Sam Sexton, III,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. On November 8, 1993, Montrevel Billings pleaded guilty to conspiracy to deliver cocaine, a Class A felony, and possession of drug paraphernalia, a Class C felony. The court sentenced him to twenty years in the Arkansas Department of Correction with fifteen years suspended on the first felony and ten years with five years suspended on the second. The conditions of the suspension ordered that he not possess or use any

controlled substance, and that he not violate any federal, state, or municipal law. Appellant was incarcerated, released on parole, and subsequently arrested for possession of cocaine with intent to deliver. The State filed a petition to revoke the suspended sentences, and the parole board revoked his parole. At the revocation hearing, the suspended sentences were revoked by the circuit judge. Appellant was later tried and acquitted of the charge of possession of cocaine with intent to deliver. Appellant raises four points on appeal. We find no error and affirm.

Appellant filed two motions with the court before the revocation hearing. First, he asked that the petition to revoke be dismissed as a double jeopardy violation because he already had been reincarcerated for his parole violation. He also asked the court to require the State to disclose the name of the confidential informant, stating that the Confrontation Clause of the United States Constitution and its counterpart in the Arkansas constitution entitled him to subpoena the person for the hearing. Both motions were denied.

Detective Dennis Alexander of the narcotics unit of the Fort Smith Police Department gave the only testimony at the hearing. He testified that he had assisted in the preparation of an affidavit for a warrant to search room 11 at the Holiday Motel and a 1981 maroon Oldsmobile Cutlass bearing Oklahoma plates. A copy of the affidavit was introduced into evidence.

The affidavit referred to information from a confidential informant who had previously provided information about illicit drug traffic in Fort Smith and whose information had led to six arrests for possession or sale of crack cocaine. The confidential informant told police that appellant was dealing in crack cocaine and that the informant was in the motel room with appellant during the late night hours of July 25, 1994. He observed several sales of crack cocaine, observed appellant take some of the money and place it under the seat of a 1981 maroon Oldsmobile Cutlass parked in front of room 8, and observed a further quantity of crack cocaine being offered for sale by appellant. Police investigation and surveillance of the motel revealed that room 11 was registered to Tom Benton of 505 North 19th Street, Fort Smith, and that appellant, on his last arrest report, had listed his address as 505 North 19th and his mother's name as Maggie Benton.

Detective Alexander testified that he had participated in the

execution of the search warrant at 6:00 a.m. on July 26, 1994. Appellant, who had been sleeping and was the only person in the room, opened the door for the police when they could not force it. Neither the police nor their drug-sniffing dog found any drugs in the room. The police opened the car door with a key found in the room in a pair of pants. The detective testified that the appellant said the pants belonged to him. Initially the police did not find drugs in the automobile; the dog, however, alerted to the dash around the stereo system. Officers partially dismantled the dash and disassembled a fuse or junction box beneath and to the left of the brake pedal. There they found a paper towel which held three rocks of cocaine.

Under cross-examination, Detective Alexander said that no officers were outside the room when the confidential informant was there but that officers constantly drove by to keep surveillance from the time the informant left the room until the warrant was served. Appellant was not observed leaving the room during the surveillance. Detective Alexander also testified that the affidavit or reports referred to a second person in the room with Billings who had participated in the sales. Appellant's counsel asked the name of the second person, but the court sustained the State's objection on the grounds of relevancy. Appellant's counsel said he was attempting to show that the person in possession of the drugs was the other person in the room. The court appropriately noted that no drugs were found in the room.

Appellant moved to dismiss after the State rested, stating that nothing showed that the vehicle belonged to him, no evidence connected him with the vehicle, and the car keys could have belonged to the other man in the room the previous night. He stated that he would like to have the other man present to testify about ownership of the car. The trial judge denied the motion and found that the State had proven its case by a preponderance of the evidence, noting that the keys were found in the pants and that the cocaine was found in a vehicle over which appellant obviously had control.

■ Appellant's first point on appeal is that the evidence was insufficient to support the finding that he violated the terms of his suspended sentence. On appeal of a revocation, the evidence must be viewed in the light most favorable to the State. *Reese* v. *State*, 26 Ark. App. 42, 44, 759 S.W.2d 576 (1988). Evidence that is insuffi-

cient to support a criminal conviction may be sufficient to support a probation revocation. *Lemons* v. *State*, 310 Ark. 381, 836 S.W.2d 861 (1992). On appeal, we will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, giving due regard to the trial court's superior position to determine credibility of the witnesses and the weight to be given their testimony. *Cavin* v. *State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984).

■ The issue here is similar to that in *Harris* v. *State*, 270 Ark. 634, 606 S.W.2d 93 (Ark. App. 1980), a revocation case where police executing a warrant to search found marijuana on top of the refrigerator and under the couch in Mr. Harris's apartment. Mr. Harris argued on appeal that the trial court's finding that he had violated his probation was against the preponderance of the evidence because there was no evidence linking him to the contraband. This court rejected his argument, stating that "[t]he evidence adduced at trial may not have been sufficient to convict one charged with possession of a controlled substance, but it was sufficient for the trial judge to determine that appellant had violated the terms of his probation." *Harris* v. *State*, 270 Ark. at 636. In the case now before us, the evidence viewed in the light most favorable to the State showed that appellant possessed a key to an automobile in which police found cocaine upon executing a warrant to search. We hold that the trial court's decision to revoke appellant's suspended sentence was not clearly against the preponderance of the evidence.

■ As his second and third points, appellant asserts that the trial court erred in refusing to require disclosure of the confidential informant and of the other person who was present when the drug sale occurred. Appellant contends that he was denied the right to confront the confidential informant, whose information in the affidavit might have been considered by the court as evidence that appellant possessed cocaine. The abstract of the court's findings and ruling, however, clearly shows that appellant's suspended sentence was revoked because he had the keys to a vehicle in which cocaine was found. Our supreme court has stated that disclosure of an informant's identity is not required where the defendant was charged only with possession and the informant merely supplied information leading to the issuance of the search warrant. *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994). In the case now before us, where appellant's suspended sentences were revoked and the

informant merely supplied information used in the affidavit supporting the warrant to search, there was no requirement to disclose the identity of the informant.

■ Similarly, appellant's request for the identity of another person allegedly present in the room was not relevant to appellant's violation of conditions of his suspended sentences. He argues that testimony by this other person could have shown that it was not appellant, but this person, who had access to the keys and ownership of the drugs. His bare assertions, however, are insufficient to preserve a challenge on appeal to the trial court's discretionary power to exclude evidence. *Cf. Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993) (where defendant wanted to convince the jury that another person might have committed the crime for which he was being tried, evidence of commission of a similar crime in another state was insufficient without more to warrant admission).

■ As his final point, appellant states that the revocations of both his parole and his suspended sentence for the same conduct constituted a violation of the doctrines of double jeopardy and due process. Because he presents no argument or authority as to the due process claim, we address only the double jeopardy argument, dismissing the due process claim as speculative and not supported by any reasonable argument or authority. *See Milholland v. State*, 319 Ark. 604, 893 S.W.2d 327 (1995).

■ Appellant's argument that the revocation of his parole and suspended sentence for the same behavior violates double jeopardy is without merit. The revocation of appellant's parole and the revocation of his suspended sentence resulted in appellant's being punished for his original offenses; neither proceeding imposed a separate punishment for the behavior that was the catalyst for the revocation proceedings. Neither parole revocation nor suspended sentence revocation is a stage of a criminal prosecution, *see Lawrence v. State*, 39 Ark. App. 39, 839 S.W.2d 10 (1992)(citing *Gagnon v. Scarpelli*, 411 U.S. 788 (1973); and *Pyland v. State*, 302 Ark. 444, 790 S.W.2d 178 (1990)). The Double Jeopardy Clause protects defendants in criminal proceedings only against multiple punishments or repeated prosecutions for the same offense. *Lawrence, supra,*

(citing *United States* v. *Dinitz*, 424 U.S. 600 (1976)). Thus, appellant has no valid double jeopardy claim.

Affirmed.

COOPER and ROBBINS, JJ., agree.