William Andrew HYDE *v.* STATE of Arkansas

CA CR 97-314                                     953 S.W.2d 911

Court of Appeals of Arkansas
Division IV
Opinion delivered October 22, 1997

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant William Hyde pled guilty to and was convicted of delivery of marijuana in August 1991. The trial court withheld imposition of sentence for five years conditioned on Hyde's good behavior and other conditions. The State filed a petition to revoke in May 1996, based on

Hyde's possession of drug paraphernalia. The trial court granted the petition and sentenced Hyde to ten years' imprisonment with eight years suspended. Hyde's sole issue on appeal is that there was insufficient evidence to support the revocation. We affirm.

At the hearing on the State's petition to revoke, Officers Paul Smith and David Slaughter testified that they had received information regarding Hyde's possession and use of controlled substances at his home. The officers went to the house on May 8, 1996, approached Hyde on the front porch, and told him of the allegations made against him.

The officers testified that Hyde told them that he had some marijuana at his home for "personal use" and that he used it for his back problems. He also admitted having drug paraphernalia at the house. The officers then asked if they could search the house and testified that they informed Hyde that he could refuse the search. According to the officers, Hyde consented to the search and even showed them various drug paraphernalia in the residence. Officer Slaughter testified that he also found a tray that contained some marijuana seeds and a small amount of green vegetable material. Near the tray was a pair of hemostats, some burnt ends, and a pipe with burnt residue in the bowl. However, no laboratory analysis of any of the material was introduced to prove that the substances were marijuana or other controlled substance.

Although Hyde claimed that he told the officers that the pipes were part of a collection, the officers denied being so told. Officer Smith testified that Hyde had numerous pipes and a "water bong," and that Hyde told him that the reason he had so many pipes was that he made them for himself and for his friends for smoking marijuana. In fact, the officers also arrested a man who came to Hyde's house during the search, when marijuana was found on him in a pat-down search.

For the defense, Hyde's father testified that Hyde had a pipe collection, including Indian ceremonial pipes. Hyde's wife, who was present at the time of the search, also testified about Hyde's pipe collection. She testified that there was not any marijuana in the house on the day of the search, and that the substance on the tray was herbal material that Hyde used for his back pain. Finally,

Hyde testified on his own behalf and stated that he had thirty-four pipes and seven water bongs. However, he denied that any of the substances found by the officers were marijuana, and stated that there was no marijuana at the house. He testified that he told the police about his pipe collection and that the officers told him they were not interested in his pipes, only marijuana. He stated that, when the police did not find any marijuana, they got upset and decided to take some of the pipes and charge him with possession of paraphernalia instead. He testified that Officer Smith told him that it was okay that he had the pipes as long as he did not have marijuana in the house. He testified that the vegetable substance found was a combination of herbs he had purchased at a store.

Hyde's sole point on appeal is that the trial court's revocation was clearly against the preponderance of the evidence. He argues that there was insufficient evidence on which to revoke his suspended imposition of sentence, because there was no evidence that he intended to use the items seized to smoke or otherwise ingest marijuana. He argues that mere possession of the pipes was not illegal, and that he had to be shown to have intended to use the pipes in an illegal manner. However, his arguments are without merit.

■ Arkansas Code Annotated § 5-64-403(c)(1) (Repl. 1996) provides that it is unlawful to possess drug paraphernalia with the intent to use it to ingest or inhale a controlled substance. It is also unlawful to possess paraphernalia with the intent to deliver it under circumstances where one should reasonably know that it will be used to inhale a controlled substance. Ark. Code Ann. § 5-64-403(c)(2) (Repl. 1996). According to Ark. Code Ann. § 5-64-101 (Repl. 1996), when determining if an object is drug paraphernalia, a court should consider, among other factors, statements by the owner concerning its use, prior convictions of the owner relating to any controlled substance, and direct or circumstantial evidence of the intent to deliver the paraphernalia for an illegal use.

■ In a hearing to revoke, the burden is upon the State to prove a violation of a condition of the suspended sentence by a preponderance of the evidence; on appellate review, the trial

court's findings are upheld unless they are clearly against a preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992); *Russell v. State*, 25 Ark. App. 181, 753 S.W.2d 298 (1988). Since a determination of the preponderance of the evidence turns on questions of credibility and weight to given testimony, this court defers to the trial court's superior position. *Lemons, supra.*

Hyde relies on *Crutchfield v. State*, 306 Ark. 97, 812 S.W.2d 459 (1991), to support his argument for reversal. In *Crutchfield*, the supreme court reversed and dismissed a conviction for possession of drug paraphernalia, because there was no proof that a four-inch piece of automobile radio antenna alleged to be drug paraphernalia was intended for drug use, no proof of residue on the paraphernalia, and no drugs found on the defendant. The antenna was found on Crutchfield in a pat-down search when he was arrested for armed robbery. The supreme court said that the lack of any link to drug use left the jury to speculate that the defendant was using the antenna for a prohibited purpose. Hyde argues that his case is analogous because there was no crime lab report showing marijuana residue on the paraphernalia, or that the green vegetable material found at his house was marijuana. He contends that the court was left "to mere speculation as to whether the items seized in the home were in fact used for the smoking of marijuana or were in fact used for smoking herbs."

However, Hyde's reliance on *Crutchfield* is misplaced for several reasons. First, the preponderance of the evidence clearly supports a finding that Hyde possessed the requisite intent. The arresting officers testified that Hyde told them that he had some "personal use" marijuana at the house and that he smoked it for pain in his back. Moreover, Hyde stated that he made some of the pipes for other people, which is also a criminal offense. The trial court was also entitled to consider Hyde's previous conviction for delivery of marijuana. Second, unlike Crutchfield, Hyde was not tried for possession of drug paraphernalia; the standard for review of a revocation of probation or of a suspended sentence is preponderance of the evidence, not beyond a reasonable doubt. Third, as pointed out by the State, in *Crutchfield*, the supreme court, upon rehearing, found sufficient evidence to uphold the

conviction for possession of drug paraphernalia if the State's expert testimony regarding the intended use of the antenna had not been excluded, and remanded the case for retrial. *See Crutchfield v. State, supra*, supp. op. on reh'g, 306 Ark. 104, 816 S.W.2d 884 (1991). Here, the intended use of the pipes and water bongs, unlike a piece of antenna, needs no further explanation. Such items are specifically classified as drug paraphernalia by statute. *See* Ark. Code Ann. § 5-64-101(v)(12)(A), 5-64-101(v)(12)](B), and 5-64-101(v)(12)](L) (Repl. 1996).

Affirmed.

BIRD and ROGERS, agree.