David RAMSEY III *v.* STATE of Arkansas

CA CR 96-1227                                   959 S.W.2d 765

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered February 4, 1998

*Jo Ellen Carson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

SAM BIRD, Judge. On June 5, 1995, David Ramsey, the appellant, entered a plea of nolo contendere to the charge of robbery and was given a suspended imposition of sentence for five years, conditioned upon appellant's making a good-faith effort to complete his high-school education or earn a GED and not possessing any controlled substances. Due to his incarceration on unrelated charges, appellant did not enroll in school until the spring semester of 1996. On January 25, 1996, after being involved in what appeared to be a gang-related incident at school, appellant was suspended from school. Two days later, the car in

which appellant was riding with two minors was pulled over at 2 a.m. for violation of curfew. The officers conducted a search of the car, finding marijuana. On January 31, 1996, the State filed a petition to revoke appellant's suspended sentence, alleging that he was suspended from school as a result of improper activity. The petition was later amended to include charges that appellant had committed the offenses of possession of marijuana and contributing to the delinquency of a minor.

A revocation hearing was held, and the judge revoked appellant's suspended sentence. Afterward, the State declined to prosecute the charges of contributing to the delinquency of a minor and possession of marijuana for lack of evidence. Appellant then filed a motion requesting the court to reconsider its revocation because the State had failed to prosecute the marijuana and contributing charges. Following another hearing, the court denied the motion and affirmed the earlier ruling revoking appellant's suspended sentence. Appellant brings this appeal contending that his improper activity, which resulted in his suspension from school, was not sufficient evidence to prove that he failed to make a good-faith effort to obtain his high-school diploma or GED.

■■ When appealing a revocation, the appellant has the burden of showing that the trial court's findings are against the preponderance of the evidence. Ark. Code Ann. § 5-4-309(d) (Repl. 1993); *Tipton v. State*, 47 Ark. App. 187, 887 S.W.2d 540 (1994). On appellate review, the trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Tipton v. State, supra; Russell v. State*, 25 Ark. App. 181, 753 S.W.2d 298 (1988). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992).

From a reading of the briefs, it appears that the conditions of the suspended sentence that the State alleges were violated are that the appellant did not make a good-faith effort to obtain his high-school diploma or GED, that he possessed controlled substances, and that he contributed to the delinquency of a minor.

First, the appellant argues that he did not violate the conditions of his suspended sentence by failing to make a good-faith

effort to obtain his high-school diploma or his GED. He argues that he was suspended from school for only ten days for a gang-related incident and that he was eligible to return to school after the suspension. He argues further that he did not return to the school after the ten-day suspension because he had enrolled in the Adult Education Center in an effort to get his GED. A good-faith effort is defined in Ark. Code Ann. § 5-4-323 (Supp. 1995) as meaning "the person has been enrolled in a program of instruction and is attending school or adult education." The State argues that the suspension, coupled with evidence that the appellant had been truant once and tardy twice during only a one-month period of enrollment, is enough to show that the appellant was not making a good-faith effort to obtain his high-school education.

Second, the appellant contends that his sentence should not be revoked because the State failed to prove that he was in possession of marijuana and the State did not prosecute the marijuana and contributing charges due to lack of evidence. The appellant argues that the State did not prove, nor is there any evidence to establish, that he knew the marijuana was in the car. The State argues that evidence that specifically links defendant to the controlled substance is not needed in a revocation hearing.

██ ██ However, even without the consideration of the charges of contributing to the delinquency of a minor and possession of marijuana, the court did not err in revoking the appellant's suspended sentence. In order for appellant's suspended sentence to be revoked, the State need only prove that the appellant committed one violation of the conditions. *Ross v. State*, 22 Ark. App. 232, 738 S.W.2d 112 (1987). The fact that the appellant had been truant once, tardy twice and suspended for ten days from school, all within a period of less than a month, are sufficient proof of his lack of a good-faith effort to obtain his high-school diploma or GED.

The dissenting opinion implies that appellant is merely a school child who is being imprisoned for being tardy, cutting classes, and being suspended from school, just like "thousands, if not tens of thousands," of other citizens. The dissent has apparently overlooked the fact that appellant is an eighteen-year-old

convicted felon serving a suspended sentence for robbery, subject to revocation if, among other conditions, he fails to make a good-faith effort to obtain his high-school diploma or GED. Notwithstanding the tenuous position this condition of his suspended sentence put him in at school, within a period of less than one month appellant was tardy to school twice, absent without excuse once, and suspended from school for ten days. As a result of the accumulation of these offenses, the trial court made a factual determination that appellant had violated the "good-faith effort" condition of his suspension, and sentenced appellant to serve the five-year term of imprisonment that had been earlier suspended following his conviction for robbery. Nothing in the record suggests that appellant was sentenced to serve a term in prison for being tardy, truant, and suspended from school. Plainly put, this is not a case about a school child who is being too harshly punished for violating a school rule. This case is about a convicted robber serving a five-year suspended sentence who lacked the discipline to obey the simple condition of his suspension that he attend and behave at school.

The dissenting opinion also suggests that before the trial court may revoke the appellant's suspended sentence, the State must present proof that appellant was tardy or absent a sufficient number of times to subject himself to expulsion from school, the failure to be promoted, or failure to graduate. Of course, no authority is cited in support of this suggestion because none exists.

The dissent suggests that the purpose of Ark. Code Ann. § 5-4-323(c) may be thwarted if people are sent to prison when they violate the "good-faith effort" condition of their suspended sentences, because in prison they cannot be compelled to go to school. And it is suggested that, by enforcing strict compliance with this condition of appellant's suspended sentence, the court is increasing the prison population at the expense of encouraging education. This distorted reasoning is contrary to the language of section 5-4-323(b), which requires that the court "*shall revoke* a suspension of sentence or probation if the person fails to make a good-faith effort to achieve the degree or certificate." (Emphasis added.) Whether a good-faith effort has been made is a question of fact to be determined by the trial judge that we will

not reverse unless clearly against the preponderance of the evidence. We do not find that the trial court's decision is clearly against the preponderance of the evidence.

Affirmed.

AREY and STROUD, JJ., agree.

CRABTREE, J., concurs.

GRIFFEN and ROAF, JJ., dissent.

TERRY CRABTREE, Judge, concurring. I wholeheartedly agree with the conclusion stated in the majority opinion. I write separately to emphasize our very limited standard of review of revocation hearings, and to clarify the inappropriate characterization of appellant's circumstances by the dissent.

The State has the burden of proof to establish that the appellant violated the terms of his suspended sentence or probation by a preponderance of the evidence. *Deere v. State*, 59 Ark. App. 174, 954 S.W.2d 943 (1997). A preponderance of the evidence is the greater evidence when compared to that opposed to it. *Missouri Pac. R.R. Co. v. Hancock*, 195 Ark. 414, 113 S.W. 2d 489 (1938). On appeal, we reverse the trial court only if we determine that the evidence is clearly against the preponderance of the evidence, *Pearson v. State*, 262 Ark. 513, 558 S.W. 2d 149 (1977), and we need not review the evidence in the light most favorable to the State to make that determination. *See contra Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996). When considering the preponderance of the evidence, it does not matter to what degree the evidence in favor of the trial court's judgment outweighs that opposed to it, only that the evidence is sufficient to support the trial court's finding, even if that evidence only minutely outweighs that opposed to it. Because we review a cold record, we must give considerable deference to the trial court's findings on credibility issues. *Hyde v. State*, 59 Ark. App. 131, 953 S.W. 2d 911 (1997). In a revocation proceeding, it is equally important for this Court to give deference to the trial court in its superior position to consider the demeanor of the parties — things that a record cannot reflect, such as facial expression, speech intonation, and the sincerity of the defendant. Although we may question the

ultimate disposition of the case, we must affirm if the revocation was not *clearly* against the preponderance of the evidence and within the range of punishment allowed by law.

In this case, two weeks after the court suspended the appellant's sentence for robbery, the appellant served four months in the Department of Correction for committing another felony offense. Shortly after his release from the Department of Correction, the appellant enrolled in public school. Within a month, he was suspended for ten days for disrupting school by allegedly engaging in gang activity. Not long after his suspension from school, the appellant was arrested at 2 a.m. for contributing to the delinquency of a minor and possession of marijuana.[1] Since the rules of evidence do not apply in revocation matters, it is appropriate for the trial court to consider appellant's criminal history. *See Palmer v. State*, 60 Ark. App. 97, 105, 959 S.W.2d 420, 424 (1998). Under the facts of this case, I cannot say that the trial court's revocation of appellant's suspended sentence is clearly against the preponderance of the evidence. To the contrary, the findings of the trial court indicate that the trial judge was sympathetic to the age and circumstances of the appellant.

The dissenting opinion strongly argues that the appellant did not violate the "good faith" requirement that he obtain a high school diploma or G.E.D. certificate because he enrolled in the G.E.D. program but never attended because he was arrested for the violations. I would point out that the appellant's mother was the one who convinced the appellant to enroll in the G.E.D. program. There is nothing in the record to indicate that appellant himself initiated that particular conduct.

The dissenting opinion also suggests that the appellant should not have his suspended sentence revoked because of a few tardies, missing school once, and being suspended. I disagree with this characterization of the appellant's incarceration. Lest we forget, the appellant committed a felony offense punishable by up to twenty years in the state penitentiary. He was not sentenced to

---

[1] This activity, if proven, would constitute two more good causes to revoke appellant's suspended sentence.

the DOC for being suspended from school or because he was tardy from school. Only after the trial court bent over backwards to keep him out of prison was he finally sentenced for the underlying felony offense to which he pled guilty. While we would all prefer that our nation's youth choose the path of education over that of criminal conduct, that decision is the offender's and not ours.

For the reasons stated herein, I concur in the majority opinion.

WENDELL L. GRIFFEN, Judge, dissenting. I would reverse the trial court's decision to revoke appellant's suspended sentence because it is clearly erroneous. Although the State and the majority maintain that appellant was suspended from high school for ten days because of involvement in what they term "a gang-related incident at school," the State filed a petition to revoke the suspended sentence based on appellant's ten-day suspension from high school for merely saying,"What's up?" during a confrontation involving several youths in a school hallway.

Before the suspension ended, appellant attempted to enroll in adult education classes because his parents and a cooperative education teacher had counseled him not to return to Fort Smith Northside High School. It is self-evident that appellant could not make a good-faith effort to obtain a general education development certificate without enrolling in such a program; hence, it is preposterous to conclude that he failed to put forth a good-faith effort to obtain a high school diploma or a general education development certificate when all of the proof shows that he was attempting to enroll in a GED program when the revocation proceeding was commenced.

It is also perverse reasoning to hold that appellant's suspension, two incidents of tardiness, and one incident of truancy during the month that he attended Northside High School proved a failure to make a good-faith effort toward completion of a high-school diploma or GED certificate. No doubt Arkansas has thousands, if not tens of thousands, of residents who completed high-school or obtained their GED certificates but who were tardy or cut classes. There is no proof in the record about how

many absences or tardy episodes were necessary in order to put a student in the Fort Smith School District at risk for expulsion or failing a grade. The very idea that a school district could expel or flunk a student for being tardy twice and having a single unexcused absence is absurd. If the school district legally charged with educating appellant and presumably knowledgeable about its own attendance and conduct criteria for good-faith effort did not expel appellant or flunk him because of his truancy, tardiness, and the suspension, it is astounding that courts would find that appellant had failed to make a good-faith effort to obtain an education, especially when the only other evidence before us is that appellant was trying to enroll in a GED program.

Finally, the result affirmed today should be understood in light of its practical consequences for appellant and our criminal justice system. The underlying premise of Ark. Code Ann. § 5-4-323(c) (Supp. 1995) is that there is a positive relationship between having a high school education and reducing or preventing crime. The basis for that premise is obvious given the mountain of data showing that the overwhelming majority of persons in our prison system lack a high-school diploma or general education development certificate. Thus, it is possible for prison inmates to enroll in GED programs and obtain the equivalent of a high-school education while in prison, but no one has introduced any proof about what degree of absenteeism or tardiness will disqualify the inmates from participating in adult education. So it is ironic, to put it mildly, that the people of Arkansas are now forced to house, feed, clothe, and possibly educate appellant — at government expense for five years — because he was tardy twice, had a single incident of truancy, and had been suspended from high-school for ten days while serving a suspended sentence. Of course, no one can force appellant to obtain an education in prison, so the very incentive that the General Assembly hoped to offer when it enacted § 5-4-323 may be lost to appellant and to society.

Subsection (c) exists to promote education, not increase the prison population. That we have overlooked this aim upon no proof shows what happens when the legal process strains at gnats and swallows camels. Therefore, I respectfully dissent.

ROAF, J., joins in this dissent.