Jacob SISK *v*. STATE of Arkansas

CA CR 02-649                    101 S.W.3d 248

Court of Appeals of Arkansas
Division II
Opinion delivered March 19, 2003

*Keith, Miller, Butler & Webb, PLLC,* by: *Billy Bob Webb,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This appeal arose from a revocation of probation and resulting prison sentence in Crawford County. Jacob Sisk argues that (1) the trial court erred in sentencing him pursuant to revocation of an illegal sentence; (2) the trial court erred in revoking his probation because there was insufficient evidence to revoke his probation; and (3) the trial court erred in failing to furnish him with a written statement of the evidence relied on and reasons for revoking his probation. We affirm.

On November 13, 2000, the State charged appellant with possession of methamphetamine and drug paraphernalia. On February 27, 2001, appellant pleaded *nolo contendere* to both possession charges. In March of 2001, the trial court placed appellant on

probation for one year, suspended imposition of sentence for five years, and imposed court costs and a fine. Appellant did not object nor appeal from that judgment. The conditions of appellant's suspended sentence included complying with all laws, performing thirty days of community service, and not using, selling, or possessing any controlled substance. Additionally, he was required to enroll in, and complete, drug rehabilitation.

On September 28, 2001, the State filed a petition to revoke, alleging that appellant failed to report to his probation officer, failed to pay probation fees, failed to complete community service, tested positive for THC, and failed to obey all federal and state laws. On March 5, 2002, appellant moved that his case be transferred to Crawford County Drug Court. That motion was granted on March 6, 2002. The next day, on or around March 7, 2002, appellant pleaded guilty to the allegations in the petition to revoke. The court resentenced him to three years of probation but did not expressly revoke appellant's probation, and conditioned that sentence on not using controlled substances, submitting to any medical, counseling, or psychiatric program required by his probation officer, and suspended imposition of a fine conditioned on his completion of drug court. This resentencing complied with the recommendation of a plea agreement.

On March 14, 2002, a bench warrant was issued for appellant's arrest based on his failure to appear at drug court. On March 22, 2002, the State filed a new petition to revoke on the ground that appellant failed to comply with "any rules of Drug Court, including failing to appear for Drug Court," and that the failures violated his probation conditions. After a hearing, the trial court revoked appellant's probation and sentenced him to ten years' imprisonment in the Arkansas Department of Correction, with four years suspended. From this judgment comes the current appeal.

Before addressing the merits of appellant's arguments, we point out that appellant's counsel failed to properly include the notice of appeal either in his abstract or in the addendum. Thus, he does not comply with the Rules of the Arkansas Supreme Court and Court of Appeals, Rule 4-2(a)(8) (2002). We could order rebriefing pursuant to the Rules of the Arkansas Supreme Court and Court of Appeals, Rule 4-2(b)(3). However, the record reveals that appellant filed a notice of appeal on May 15, 2002, referring to a judgment on April 22, 2002, which was filed

May 1, 2002. Thus, the notice of appeal is timely for purposes of reviewing the April 2002 judgment involved in this case.

*Underlying Illegal Sentence from March 2001 Judgment*

■    Appellant argues in essence that the March 2001 judgment constituted an illegal sentence because the trial court imposed both probation and a suspended sentence. The State responds that appellant never objected to that judgment or filed an appeal concerning that issue. The timely filing of a notice of appeal is a jurisdictional requirement. *Cannon v. State*, 58 Ark. App. 182, 947 S.W.2d 409 (1997).

■ ■    Normally, to preserve an issue for appeal, an appellant must file a notice of appeal within thirty days of the judgment filing. Ark. R. App. P.—Crim. 2(a)(1) (2002). Alternatively, an appellant may file a post-trial motion challenging the simultaneous sentences of probation and suspended sentence. *Brimer v. State*, 301 Ark. 540, 785 S.W.2d 458 (1990) (finding that the failure to appeal an earlier order precluded challenging restitution amount in later revocation proceeding). However, allegations of a void or illegal sentence constitute an issue of subject-matter jurisdiction, and as such, cannot be waived by parties and may be addressed for the first time on appeal. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002).

■ ■    It is settled law that a trial court may not impose probation and a suspended sentence simultaneously. *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980). However, the remedy for an illegal sentence is not dismissal of all related proceedings in the trial court or dismissal of the State's petition to revoke. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). If the original sentence is illegal, even though partially executed, the sentencing court may correct it. *Id*. In the *Bangs* case, the supreme court specifically stated that on appeal it could "not dismiss the petition to revoke and thereby allow appellant to benefit from his failure to seek the appropriate remedy by petitioning the trial court." *Id*. at 241, 835 S.W.2d at 297.

■    Here, appellant received an illegal sentence initially when he was sentenced to probation and suspended imposition of sentence. However, he was not prejudiced by the original sentence. In the first place, the trial court resentenced appellant pursuant to a plea argreement entered on March 7, 2002. Appellant does not

contend that the trial court imposed an illegal sentence on that date when he was resentenced to three years' probation subject to certain previously stated conditions. The trial court corrected the defect in the original sentence. Therefore, we affirm on this point.

*Insufficient Evidence to Revoke Probation*

■ ■ Appellant also argues that there was insufficient evidence to support the revocation of his probation in April 2002. In revocation proceedings, a trial court must find by a preponderance of the evidence that a defendant inexcusably violated a condition of probation. Ark. Code Ann. § 5-4-309(d) (Supp. 2001); *Shaw v. State*, 65 Ark. App. 186, 986 S.W.2d 129 (1999). We do not reverse a trial court's findings on appeal unless they are clearly against the preponderance of the evidence. *Petty v. State*, 31 Ark. App. 119, 788 S.W.2d 744 (1990). We review the sufficiency of the evidence supporting revocation by viewing the evidence in the light most favorable to the State. *Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996). Notably, the State need only prove one violation of the probation conditions for the trial court to revoke a probation. *Ross v. State*, 22 Ark. App. 232, 738 S.W.2d 112 (1987).

In the present case, appellant's second probation resulted from the trial court's resentencing of appellant to a longer probation term, following appellant's guilty plea in March 2002. Appellant's probation, pursuant to the resentencing, contained a prohibition against using controlled substances and an order to submit "to any medical, counseling, or psychiatric program required by his probation officer." In addition, the trial court also suspended the imposition of a fine, conditioned on appellant's "completion of drug court." The State's petition to revoke appellant's second probation specifically alleged that "on the 13th day of March, 2002, the Adult Probation Office requested that the State file a Petition to Revoke on [appellant] based upon his failure to comply with any rules of drug court, including failure to appear for drug court; that said conduct is in violation of the terms and conditions of his suspended sentence."

■ The conditions of appellant's probation expressly held him to "submitting to any medical, counseling, or psychiatric program required by his probation officer." We hold that the trial court did not err in concluding that appellant inexcusably violated

one of his probation conditions — namely, to attend any program his probation officer deemed necessary and to cooperate with such program efforts. Furthermore, appellant admitted that he failed to contact his probation officer and failed to appear in drug court. Therefore, we hold that there was sufficient evidence for the trial court to revoke his resentenced probation.

*Failure to Furnish Written Statement of Evidence*

■ Finally, appellant argues that the trial court should have provided him with a written statement of the evidence relied upon, pursuant to Ark. Code Ann. § 5-4-310(b) (Repl. 1997). However, appellant did not object to that failure below. Therefore, he waived his right to a written statement. *See Box v. State,* 71 Ark. App. 403, 30 S.W.3d 754 (2000).

Affirmed.

ROBBINS and BIRD, JJ., agree.