Cite as 2024 Ark. App. 520

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-827

| | | |
|---|---|---|
| LARRY SHIELDS | | Opinion Delivered October 30, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 16LCR-21-23] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DAN RITCHEY, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

The Craighead County Circuit Court revoked the probation of appellant Larry Shields and sentenced him to five years' imprisonment to be followed by a five-year period of suspended imposition of sentence. Shields argues that there was insufficient evidence to find that he willfully violated the terms and conditions of his probation. We affirm.

## I.  *Background*

In November 2021, Shields pleaded guilty to possession of a controlled substance and was placed on probation for five years. He received and signed standard terms and conditions of probation, including that he must pay a fine and costs. In January 2023, the State filed a petition to revoke alleging that Shields had violated several terms and conditions of his probation by being arrested for misdemeanor offenses, using drugs, failing to participate in drug rehabilitation, failing to report to his probation officer, failing to provide proof of

employment, being delinquent on the payment of his probation fees, and failing to pay on his fine. A hearing was held on the State's petition.

Agent Kayla Sain with Arkansas Community Correction testified that she supervised Shields while he was on probation. She said that she went over the terms and conditions of Shields's probation with him at intake. Sain testified that Shields failed to report to her eight times between June 2022 and August 2023. She said that Shields admitted using drugs on several dates and that he failed multiple drug screens. She referred him to Substance Abuse Program Leadership (SAPL) due to his failed drug screens, but he was discharged from the program after he had five unexcused absences from weekly meetings. She said that she told Shields that he should seek drug rehabilitation but that he failed to do so. Sain testified that she was notified that Shields had been arrested for misdemeanor theft of services and criminal mischief. Sain also said that Shields, as of ten days before the hearing, was delinquent on his probation fees and that he had made only one $100 payment on his fine and costs in connection with his plea.

Christopher Kellem, eastern district deputy sheriff, testified that Shields had tested positive for methamphetamine on the day of the probation-revocation hearing.

Shields testified that, although he has had a problem with methamphetamine for years, he has always been able to maintain his job and is "a fine carpenter." He said that he would have provided proof of his employment had he been told that it was required. Shields said that he is current on his probation fees as of the day of the hearing. Shields admitted using drugs while on probation and acknowledged the multiple failed drug screens. He stated

2

that he had both paid for drugs and traded his carpentry services for drugs while having an outstanding balance on his court-ordered fine. Shields claimed that he had missed SAPL meetings because he lacked transportation but later conceded that he had transportation to purchase drugs in another city. Regarding the arrests for theft of services and criminal mischief, Shields said that he had pleaded guilty to those offenses.

The trial court found that Shields had violated six of the terms and conditions of his probation in that he had failed to pay his fine and costs, failed multiple drug screens, failed to participate in a substance-abuse program recommended by his probation officer, failed to timely and regularly pay his probation fees, failed to report for probation meetings, and failed to live a law-abiding life.

## II. *Discussion*

Shields argues that the trial court committed reversible error in revoking his probation because there were inconsistencies in the testimony; however, the trial court relied solely on Sain's testimony. Shields asserts that in this case, "the weight [of the evidence] should be given to the Defendant."

The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his probation. *Nash v. State*, 2024 Ark. App. 108. The State need only prove one violation to sustain the revocation. *Id.* The standard has been explained as follows:

> A preponderance of the evidence is the greater evidence when compared to that opposed to it. On appeal, we reverse the trial court only if we determine that the evidence is clearly against the preponderance of the evidence, and we need not review

the evidence in the light most favorable to the State to make that determination. When considering the preponderance of the evidence, it does not matter to what degree the evidence in favor of the trial court's judgment outweighs that opposed to it, only that the evidence is sufficient to support the trial court's finding, even if that evidence only minutely outweighs that opposed to it.

*Ramsey v. State*, 60 Ark. App. 206, 211, 959 S.W.2d 765, 768 (1998) (Crabtree, J., concurring) (citations omitted). Preponderance of the evidence means evidence of greater convincing force and implies an overbalancing in weight. *Ray Baxter, P.A. v. Baxter*, 2012 Ark. App. 251, 413 S.W.3d 561. The determination turns on questions of credibility and the weight to be given testimony, and we defer to the trial court's superior position in that regard. *Chambers v. State*, 2018 Ark. App. 69, 540 S.W.3d 316.

Shields argues that he did not know that he had to provide proof of employment, that he had told Sain he did not have transportation to the SAPL meetings, and that he had discussed his address with Sain when he had to move into a camper. The trial court was not required to believe Shields's testimony and could give greater weight to Sain's testimony about Shields's compliance with the terms and conditions of his probation. Moreover, the trial court did not revoke Shields's probation for failing to provide proof of employment or his address. When a trial court bases its decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. *Bedford v. State*, 2014 Ark. App. 239. Shields also argues that he had an excuse for failing to attend the substance-abuse program. Given that Shields does not challenge the other grounds for revocation, and considering that he admitted multiple violations of probation on the stand, we cannot say that the trial court's decision to revoke Shields's

probation was clearly against the preponderance of the evidence. *See, e.g., Pettigrew v. State*, 2019 Ark. App. 420.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.