Ivory McKENZIE *v.* STATE of Arkansas

CA CR 97-685                                        961 S.W.2d 775

Court of Appeals of Arkansas
Division II
Opinion delivered January 28, 1998

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Ivory McKenzie was placed on probation for possession of a controlled substance and for possession with intent to deliver. The illegal substance was cocaine, and the offenses were committed in October and November of 1994. Among the conditions of probation was that he not engage in illegal drug use. The State moved to revoke alleging that appellant tested positive for illegal drugs on three separate occasions during his probationary period. A hearing on the matter was held on February 3, 1997, and the circuit court of Lincoln County found that appellant had violated the terms of his probation, resulting in revocation. He was given two concurrent ten-year sentences. He now appeals the revocation of his probation arguing that there is insufficient evidence upon which to base the revocation. We affirm.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. Ark. Code Ann. § 5-4-309(d) (Repl. 1993). Therefore, evidence that is insufficient to convict a person of the offense may be sufficient to revoke

probation. *Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996). On appeal of a revocation, the revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* We must give due regard to the trial court's superior position in determining the credibility of witnesses and the weight to be given their testimony. *Id.* Given these standards of review, the trial court's decision to revoke appellant's probation is not clearly against the preponderance of the evidence.

The evidence revealed that appellant tested positive for cocaine on June 5, 1996, and positive for marijuana on June 5, July 12, and October 2, 1996. He refused to submit to a later drug screen. Appellant's contention is not that he did not use illegal drugs, but that he had an excusable reason for using them. He testified that he suffers from keloid scarring and uses marijuana to gain relief from the pain caused by that condition. He admitted that no doctor has prescribed or recommended using marijuana or cocaine. Appellant also testified that he suffers from a split personality such that he could not swear he did not take the illegal drugs for which he tested positive. He presented no documentation to support his allegation of split personality disorder.

While we might have sympathy for appellant's medical condition, it does not excuse his illicit drug use. Medical treatments to prevent infection and to dissipate pain were available by prescription under a physician's care and control, as his physician testified. His physician recommended to appellant that he attend a pain clinic for ongoing problems with his condition, but he never recommended illicit drug use. The doctor's testimony included the following statements: "[I]n no way am I advocating the use of illegal drugs, because they are illegal. . . . I don't advocate the use of marijuana."

Appellant admitted to using, at some point in his life, every drug "from heroin to cocaine." Ironically, he denied illicit drug use during the time he tested positive. Given his belief that he suffered from a split personality disorder, appellant could not assure the trial court that he did not use drugs in the past nor could he assure the trial court that he would not take drugs in the future.

During his probation, the State attempted to assist appellant in getting help for his illicit drug use. Appellant stated that he could not complete such a program for various reasons. For example, he stated that he could not dedicate himself to the program because he would resort to drugs to relieve the pain. None of his reasons justify violation of probation conditions, and he presents us no compelling authority to alter the outcome of this revocation hearing. With this evidence, the trial court was not clearly erroneous when it revoked appellant's probation.

Affirmed.

BIRD and GRIFFEN, JJ., agree.