2009 Ark. App. 527

**Charlie L. JOHNSON, Appellant,**

**v.**

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1472.**

Court of Appeals of Arkansas.

July 1, 2009.

---

Elizabeth Amanda Homan, Little Rock, for appellant.

No response.

JOHN B. ROBBINS, Judge.

Appellant Charlie L. Johnson pleaded guilty to possession of cocaine on August 20, 1999, and was placed on two years' probation. On February 28, 2001, Mr. Johnson's probation was revoked, and he was given a five-year term of probation. Appellant's probation was subsequently revoked on July 23, 2002, and he was sentenced to three years in prison followed by a seven-year suspended imposition of sentence. Finally, the trial court entered a judgment on August 26, 2008, wherein Mr. Johnson's suspended imposition of sentence was revoked, and he was sentenced to five years' imprisonment followed by a two-year suspended imposition of sentence. It is from the August 26, 2008, judgment that Mr. Johnson now appeals. We affirm.

|₂Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. Mr. Johnson's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including the objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal. Mr. Johnson was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points within thirty days, but has declined to file any points.

Among other things, the State's petition to revoke Mr. Johnson's suspended imposition of sentence alleged that he violated his conditions by committing burglary, associating with felons, and failing to satisfy court costs. The trial court specifically revoked appellant's suspended imposition of sentence pursuant to its finding that he failed to pay fines and costs, associated with a known felon, and committed criminal trespass.

Debra Wiseman is in charge of collecting fines for the Crittenden County Sheriff's Office, and she indicated that pursuant to the July 23, 2002, judgment, Mr. Johnson was required to pay $450 in court costs. The costs were to be at a rate of $50 per month beginning sixty days from Mr. Johnson's release from prison. According to Ms. Wiseman, the only payments received from Mr. Johnson were $50 on March 27, 2008, and $250 on the day before the revocation hearing, for a total of $300.

|₃Ellen Campbell testified about the alleged burglary. Ms. Campbell stated that she was the resident manager at Westview apartments and saw something unusual on October 14, 2007. Ms. Campbell testified that she saw Mr. Johnson with a lady named Catrina Burnett that night. Ms. Campbell indicated that the police were called after Ms. Burnett crawled through a window of an apartment that belonged to an elderly gentleman who had been put in a nursing home. The man's furniture was still there, as his family had not yet moved it out of the apartment. When the police arrived, both Ms. Burnett and Mr. Johnson were inside the apartment. According to Ms. Campbell, she went inside the apartment with the police and saw Mr. Johnson hiding behind the door, and he did not respond when the police called out. The State introduced a judgment from 2002 showing that Ms. Burnett was a convicted felon, having then been convicted of robbery.

Mr. Johnson testified on his own behalf, and he stated that he did not know Ms. Burnett or have any knowledge that she had been convicted of a felony. He maintained that, on the night of the incident, she had asked him for a cigarette and he

had followed her to what she said was her apartment. Mr. Johnson stated that when he got to the apartment Ms. Burnett opened the door and let him in, but that he never saw her crawl through the window. Mr. Johnson stated that he did not commit a crime while he was there, and that he had to hide somewhere because he thought someone was trying to kill him. Mr. Johnson stated that he spent seven months in jail as a result of the burglary charge, and indicated that he pleaded guilty to the lesser charge of criminal trespass. Mr. Johnson was released from jail just twenty days before the revocation hearing. He admitted being delinquent on his monthly cost payments, and acknowledged that he made the $250 payment because he knew he had to come to court the following day.

In Mr. Johnson's counsel's brief, his counsel correctly asserts that there were three adverse rulings below, and none could support a meritorious appeal. The first adverse ruling discussed in the brief is the revocation itself, which was not clearly against the preponderance of the evidence.

Probation or a suspended sentence may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation or suspension. *McKenzie v. State,* 60 Ark.App. 161, 961 S.W.2d 775 (1998). Therefore, evidence that is insufficient to convict a person of the offense may be sufficient to revoke. *Id.* On appeal of a revocation, the revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* We must give due regard to the trial court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.*

One of Mr. Johnson's conditions was that he not violate any state law. A person commits criminal trespass if he purposely enters or remains unlawfully in the premises of another person. Ark.Code Ann. § 5–39–203(a)(2) (Repl.2006). At the revocation hearing, the State presented evidence that Mr. Johnson committed criminal trespass by unlawfully entering an apartment, and Mr. Johnson acknowledged in his testimony that he pleaded guilty to that offense. A finding of guilt beyond a reasonable doubt of a new offense is itself a sufficient basis to revoke probation. *See Gaines v. State,* 313 Ark. 561, 855 S.W.2d 956 (1993). Moreover, in order to revoke probation the State need only prove that appellant committed one violation of the conditions. *See Ross v. State,* 22 Ark.App. 232, 738 S.W.2d 112 (1987). Because Mr. Johnson pleaded guilty to criminal trespass, this was alone sufficient to support the trial court's finding by a preponderance of the evidence that he violated his probation.

The next adverse ruling discussed in appellant's counsel's brief is the trial court's denial of his motion for continuance made at the beginning of the revocation hearing. We review the grant or denial of a motion for continuance under an abuse of discretion standard. *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003). An appellant must not only demonstrate that the trial court abused its discretion by denying the motion for continuance, but also show prejudice that amounts to a denial of justice. *Id.* In the present case the only reason given for appellant's motion was that Mr. Johnson had been released from jail twenty days earlier, and upon his release made a payment on his costs. Appellant's counsel correctly asserts that under these circumstances there was not a valid basis for a continuance, and there was no abuse of discretion in the denial of the motion. Moreover, given that Mr. Johnson had previously pleaded

guilty to criminal trespass, the denial of his motion for continuance was not prejudicial because even had it been granted the outcome of the revocation hearing would have ultimately been the same.

 Finally, there was an adverse ruling during Mr. Johnson's testimony. During direct examination, appellant's counsel inquired about the circumstances of a prior misdemeanor, for which Mr. Johnson had been serving jail time. When the trial court inquired further, Mr. Johnson testified that he had been in possession of marijuana, drawing an objection from appellant's counsel because this was not alleged in the revocation petition. The trial court properly noted that appellant's counsel had opened the door to the objectionable testimony, and Mr. Johnson suffered no prejudice because marijuana possession was not a basis relied upon by the trial court in revoking his suspended imposition of sentence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that the appeal is without merit. Appellant's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed.

GRUBER and BROWN, JJ., agree.