

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–130

ROY MAURICE HARRIS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered January 8, 2014

APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT
[NO. CR–2008-151]

HONORABLE RANDY F. PHILHOURS, JUDGE

REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED

## BRANDON J. HARRISON, Judge

Roy Harris was sentenced to seven years' imprisonment after the Crittenden County Circuit Court found that he had violated the conditions of his probation. On appeal, Harris's counsel argues that an appeal is wholly without merit and asks for permission to withdraw as counsel. We deny counsel's motion to withdraw and order rebriefing.

In an order entered 22 September 2008, Harris pleaded guilty to possession of a controlled substance and was sentenced to five years' probation. The conditions of his probation required him to pay all fines and court costs as provided by the court's judgment and disposition order; to not use or possess any alcoholic beverage, marijuana, or other illegal drug; to submit to drug testing as directed by his probation officer; to notify his probation officer and the sheriff of any change of address or employment; and to procure suitable employment.

In January 2011, the State filed a petition to revoke Harris's probation, alleging that he had (1) failed to pay fines, costs, and fees as directed; (2) failed to report to his probation officer; (3) failed to pay probation fees; (4) failed to notify the sheriff or his probation officer of his current address and employment; (5) possessed and used marijuana; (6) failed to report to Drug Assessment as ordered by his probation officer; (7) failed to work regularly at suitable employment; (8) driven a motor vehicle with a suspended driver's license; and (9) failed to appear in district court. A hearing was held, at which the court heard testimony that Harris had not made any payments on his fines and costs. Harris also admitted that he had recently smoked marijuana.

The court found by a preponderance of the evidence that Harris had violated the conditions of his probation, ordered him to spend two days in the Crittenden County Detention Center, and deferred further sentencing until August 2011. At the next hearing, held in November 2011, the court again postponed sentencing to give Harris a chance to comply. The court sentenced him to thirty days in the Crittenden County Detention Center and set a hearing date in April 2012. After Harris failed to appear at the next two scheduled hearings, however, the court sentenced Harris to seven years' imprisonment.

As allowed by Rule 4–3 of the Rules of the Arkansas Supreme Court and Court of Appeals, Harris's counsel has filed what is characterized as a no-merit brief and a motion asking to be relieved as counsel. Harris has not filed points for reversal despite being notified by the clerk of our court that he had thirty days to do so. The State has not filed a brief.

2

SLIP OPINION

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief, abstract, and addendum. Ark. Sup. Ct. R. 4–3(k)(1). Counsel's brief must contain an argument section that lists all the circuit court's adverse rulings and explains why each adverse ruling is not a meritorious ground for reversal. *Id.* To further protect the constitutional rights of an appellant like Harris, both counsel and this court must fully examine the lower court proceedings as a whole to determine if an appeal would be wholly frivolous. *Walton v. State*, 94 Ark. App. 229, 228 S.W.3d 524 (2006).

We hold that counsel's brief is deficient for several reasons. First, counsel has failed to follow the "framework" for no-merit appeals or to cite Rule 4–3 in his brief. And while counsel's motion to withdraw does state that the appeal is "wholly without merit," it cites Rule 4–3(j), which governs the preparation of briefs for indigent appellants. Rule 4–3(k) is the applicable rule. The brief also fails to meet the requirements of Rule 4–2, because approximately ten pages of the abstract are presented in a question–and–answer format, which is not allowed under Rule 4–2(a)(5)(B). A judicious use of the question–and–answer format is permitted, but the abstract in this case crosses the line. Further, only one page of the two-page order that sentenced Harris to thirty days' imprisonment and delayed further sentencing is included in the addendum.

Due to these deficiencies, we deny counsel's motion to withdraw, and we remand for rebriefing. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies we have noted should not be considered as an exhaustive list, and counsel is encouraged to review *Anders v.*



*California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief.

Rebriefing ordered; motion to withdraw denied.

GRUBER and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.