

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–796

| | | |
|---|---|---|
| DANNY J. WILSON | APPELLANT | Opinion Delivered June 22, 2016 |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR–10–2155] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## PHILLIP T. WHITEAKER, Judge

The Pulaski County Circuit Court entered a judgment and commitment order revoking appellant Danny Wilson's probation. Wilson's appellate counsel has filed a motion to withdraw and a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(k)(1) (2015), asserting that an appeal would be wholly frivolous and that this case should be affirmed. Wilson has exercised his right to file pro se points for reversal,[1] and the State has filed a response brief. In no-merit submissions, we have a duty to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Walton v. State*, 94 Ark. App. 229, 231, 228 S.W.3d 524, 526 (2006). We determine that there are nonfrivolous issues related to the sentencing in this case. Therefore, we deny the motion to withdraw and order rebriefing in merit format.

---

[1] We have reviewed Wilson's pro se points and find them to be either without merit or not preserved for our review.

SLIP OPINION

A review of the history of this matter is helpful in understanding our determination. On December 5, 2010, Wilson entered a guilty plea to possession of cocaine with intent to deliver (a Class Y felony), tampering with physical evidence (a Class D felony), theft of property (a Class A misdemeanor), and resisting arrest (a Class A misdemeanor). The court sentenced him to six years' supervised probation on the felony counts and twelve months' supervised probation on the misdemeanor counts.

In January 2012, the State sought to revoke Wilson's probation for the first time. In March 2012, Wilson pled guilty to the probation revocation. The court entered an order revoking on the possession–with–intent–to–deliver charge, the tampering–with–physical–evidence charge, and the theft–of–property charge. Wilson's probation on the misdemeanor resisting arrest was not revoked. The court, once again, sentenced Wilson to six years' supervised probation, this time on all three convictions, including the misdemeanor- theft-of-property charge.[2] No appeal was taken from the March 2012 order.[3]

Seven months later, on October 4, 2012, the State sought to revoke Wilson's probation for the second time. A hearing was held on the revocation petition on June 4, 2015. At the hearing, Wilson admitted violating the conditions of his probation. As a result, the court revoked his probation. On July 14, 2015, the trial court entered a sentencing order

---

[2] The sentencing order has other complicating issues. Although it recites that Wilson is sentenced to six years' probation on each of the three offenses, it also states in the section for additional information: "Return to original sentence – Probation extended 7 months." It is unclear exactly what sentence the trial court actually imposed or intended to impose.

[3] On June 2, 2015, an order amending the March 2012 order was entered; however, it does not appear to change any of the sentencing anomalies noted above.

revoking Wilson's probation on the felony charges of possession with intent to deliver and tampering with physical evidence. Wilson was sentenced to five years' imprisonment and five years' suspended impositions of sentences on both felony charges. Wilson's probation was also revoked on the theft-of-property charge and on the original count of resisting arrest. For both of these misdemeanor charges, Wilson was sentenced to twelve months of probation.

In furtherance of the goal of protecting constitutional rights, our full examination of the proceedings has identified several issues pertaining to the legality of the sentences imposed that prevents us from affirming this case and granting counsel's motion to withdraw.

Upon revoking a sentence of probation, the court may impose any sentence on the defendant that might have been imposed originally for the offense for which he was found guilty. Ark. Code Ann. § 16-93-308 (Supp. 2015). Arkansas's sentencing statute provides'

> (a) A defendant convicted of a felony shall receive a determinate sentence according to the following limitations:
>
> . . .
>
> (5) For a Class D felony, the sentence shall not exceed six (6) years.

Ark. Code Ann. § 5-4-401 (Repl. 2006).

Here, the five-year sentence with five years' suspended imposition of sentence exceeds the maximum allowable sentence available for Wilson's Class D felony conviction.[4]

---

[4] While our court may raise and correct a facially invalid sentence *sua sponte*, *see McMullin v. State*, 2016 Ark. App. 181, we decline to do so in this instance without further guidance from the parties as to what sentence, if any, should be imposed on the Class D felony. We admonish all appellate counsel in future no-merit appeals to fulfill his or her duty to review the entire record, not only for adverse rulings of the court, but also for any illegal sentences that may have been imposed.

Additionally, on our review, it appears that the trial court improperly revoked Wilson's probation on the misdemeanor theft-of-property and resisting-arrest offenses, because the probations on those offenses had already expired.

Counsel is directed to file a brief in adversarial format, discussing the issue of the illegal sentence and any other potentially meritorious issues. The State will then have the opportunity to file a response brief.

Rebriefing ordered; motion to withdraw denied.

KINARD and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Pub. Def., and *Pat Aydelott*, Deputy Pub. Def., by: *Margaret Egan*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.