
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–796

| | | |
|---|---|---|
| DANNY J. WILSON | | Opinion Delivered February 1, 2017 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR–10–2155] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Danny Wilson appeals from the Pulaski County Circuit Court's 2015 order revoking his probation. This is the second time this appeal has been before us. Counsel initially filed a motion to withdraw and a no-merit-brief appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k)(1) (2015). However, in an opinion dated June 22, 2016, we held that an appeal of his revocation would not be wholly frivolous and directed counsel to submit an adversarial brief on whether the trial court had imposed an illegal sentence. *Wilson v. State*, 2016 Ark. App. 342. Counsel has now submitted an adversarial brief, arguing that the trial court did in fact impose an illegal sentence, and the State concedes error. For the reasons set forth below, we agree.

On December 5, 2010, Wilson entered a guilty plea to possession of cocaine with intent to deliver (a Class Y felony), tampering with physical evidence (a Class D felony), theft of property (a Class A misdemeanor), and resisting arrest (a Class A misdemeanor). The court

sentenced him to six years' supervised probation on the felony counts and twelve months' supervised probation on the misdemeanor counts.

Wilson has had his probation revoked two separate times. Wilson's probation was revoked for the first time in March 2012 after he pled guilty to the revocation. The court revoked Wilson's probation on the felony convictions and sentenced him to a new term of six years' supervised probation. The court did not revoke Wilson's probation on the misdemeanor conviction for resisting arrest but did revoke it on the misdemeanor theft-of-property charge, sentencing him to six years of probation.[1]

Subsequently, the State sought to revoke Wilson's probation on all original convictions for a second time.[2] The matter proceeded to a contested revocation hearing, after which the court found Wilson guilty and revoked his probation. The court entered a sentencing order on June 17, 2015, sentencing Wilson to five years' imprisonment and five years' suspended imposition of sentence on both his possession-with-intent-to-deliver and his tampering-with-physical-evidence convictions, and to twelve months' probation on his theft-of-property and resisting-arrest convictions. We find that the court imposed illegal sentences on the

---

[1] We note that the petition to revoke was filed and the eventual revocation of Wilson's probation on the misdemeanor conviction occurred after the expiration of his probation for this offense. Likewise, we note that the six years' probation imposed on his misdemeanor conviction exceeded the statutory range. However, Wilson did not appeal the March 2012 revocation.

[2] The State filed an amended petition for revocation on June 28, 2013, a petition for revocation on October 4, 2014, and an amended petition for revocation on January 2, 2015.

tampering-with-physical-evidence conviction, as well as the theft-of-property and resisting-arrest convictions.[3]

Upon revoking a sentence of probation, the court may impose any sentence on the defendant that might have been imposed originally for the offense for which he was found guilty. Ark. Code Ann. § 16-93-308 (Supp. 2015). Arkansas's sentencing statute provides as follows:

> (a) A defendant convicted of a felony shall receive a determinate sentence according to the following limitations:
> . . .
> (5) For a Class D felony, the sentence shall not exceed six (6) years.

Ark. Code Ann. § 5-4-401 (Repl. 2013).

Here, the court revoked Wilson's probation on the tampering-with-physical-evidence conviction, a Class D felony. The court imposed a sentence of five years' imprisonment and five years' suspended imposition of sentence, when the maximum sentence allowable is six years. Because the court's imposition of sentence exceeded the maximum allowable sentence available for Wilson's Class D felony conviction, it constitutes an illegal sentence.

Additionally, the circuit court improperly revoked Wilson's probation on the misdemeanor theft-of-property and resisting-arrest offenses because the probations on those offenses had already expired. A circuit court lacks the authority to revoke a defendant's

---

[3] The trial court's sentence of five years' imprisonment and five years suspended imposition of sentence on the possession charge falls within the statutory guidelines for a Class Y felony and is not an illegal sentence.



probation and impose sentence after the defendant's period of probation has expired. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895.

Accordingly, we reverse and remand to the trial court for further proceedings to correct, in a manner consistent with this opinion, the illegal sentences previously imposed.

Reversed and remanded.

HARRISON and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Pub. Def., and *Pat Aydelott*, Deputy Pub. Def., by: *Margaret Eagan*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.