ROBERT J. GLADWIN, Judge
Appellant Derrick Collins appeals the revocation of his suspended imposition of sentence (SIS) for a prior felony conviction by the Crawford County Circuit Court. Collins argues that there is insufficient evidence to support the most recent revocation on a robbery charge and that there was no notice that the petition to revoke was based on a charge of accomplice liability. We affirm.
I. Facts
On March 15, 2013, Collins was charged with aggravated burglary, aggravated robbery, kidnapping, theft of property, possession of marijuana, and possession of drug paraphernalia. He pled guilty and was sentenced to four years of probation. On August 6, 2015, the State filed a petition to revoke, alleging that Collins had failed to make payments as ordered and had failed to abide by terms and conditions of probation by absconding. He entered a plea of guilty, and his probation was revoked. Collins was sentenced to two years in a regional correctional facility and eight years SIS.
On August 14, 2017, the petition to revoke at issue in this appeal was filed. The State alleged that Collins had "committed the new offense of robbery in Sebastian County." A hearing on the petition began on December 6, 2017, and was continued and completed on January 16, 2018. Collins was found to have committed a robbery under an accomplice-liability theory, and his SIS was revoked pursuant to a sentencing order filed on January 18, 2018.
II. Standard of Review
Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2017), a circuit court may revoke a defendant's SIS if a preponderance of the evidence establishes the defendant inexcusably failed to comply with a condition of the SIS. E.g. , Vangilder v. State , 2018 Ark. App. 385, 555 S.W.3d 413. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. Id. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. Id. The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. Id.
III. Discussion
The petition to revoke alleged that on or about August 3, 2017, Collins committed the new offense of robbery in Sebastian County and that conduct was in violation of the terms and conditions of his SIS. Pursuant to Arkansas Code Annotated section 5-12-102(a) (Repl. 2013), "[a] person commits robbery if, with the purpose *141 of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person."
The evidence presented was that the victim-Landon Silva-was lured into an SUV that Collins was driving. It is undisputed that four people other than Collins were in the SUV when Silva joined them. One person, Quentin Maroney, got in the back trunk or cargo area and partially hid. Silva testified that he knew someone was behind him when he got in the SUV but that he did not know who it was. He testified that someone hit him from behind with a pole and that is all he remembers until he awoke on the side of the road with none of his personal effects-with more than $2000, marijuana, his cell phone, keys, and $80 Nike shoes having been stolen. It is undisputed that Collins was driving the SUV. Accordingly, he claims that he could not have been the person who hit Silva from behind with the pole. Also, Collins notes that no evidence was presented that he ever touched Silva.
One of the other passengers in Collins's SUV, Sam Shaw, testified at the revocation hearing that Collins drove them to a local gas station where they picked up Shaw's brother, Maroney, and three others. Discussing his plan and directing the others from the back seat of Collins's SUV, Maroney directed Shaw to contact a local drug dealer, Silva, to arrange to buy marijuana. Shaw noted that Collins previously had driven them to buy marijuana from Silva on other occasions. Shaw indicated that Maroney spoke out loudly from the backseat about his plan to rob Silva instead of buying marijuana.
Shaw explained that Collins drove to Silva's location, at which time Silva joined the other passengers in the backseat. Maroney, who had hidden in the cargo area while en route, started punching and choking Silva. Maroney robbed Silva of his cash, marijuana, and shoes and then instructed Collins to pull over to the side of the road where Silva climbed out of the SUV and was left on the side of the road. Collins then drove to his home with the others still in the SUV. Shaw testified that Collins received a share of the cash taken from Silva.
Testimony from other witnesses at the revocation hearing was consistent with Shaw's version of the events. And police officer Raymond Stanley testified that when Collins gave a statement subsequent to his arrest, he denied knowing about or participating in the physical altercation and the robbery in his SUV but admitted having been the driver during the robbery and having smoked the stolen marijuana afterward.
Collins submits that because the State offered no evidence that he employed or threatened to employ physical force against Silva, the State offered insufficient evidence that he committed robbery; accordingly, his SIS should not have been revoked for committing that offense.
We disagree. "Physical force" is defined as any "bodily impact, restraint, or confinement" or "threat of any bodily impact, restraint, or confinement." Ark. Code Ann. § 5-12-101 (Repl. 2013). Regarding the element of theft, a person commits theft of property if the person "knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property or obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property." Ark. Code Ann. § 5-36-103(a) (Repl. 2013). Even if the testimony *142 of other witnesses was inconsistent, uncorroborated testimony of an accomplice is a sufficient basis for revocation of a suspension of sentence. E.g. , Ellerson v. State , 261 Ark. 525, 531-32, 549 S.W.2d 495, 498 (1977) ; Tipton v. State , 47 Ark. App. 187, 189, 887 S.W.2d 540, 542 (1994).
We hold that the evidence supports the finding that Collins actively participated in the robbery by driving his SUV while his passengers discussed, planned, and committed the robbery of Silva in the SUV. Collins was still driving when Silva was kicked out of the SUV on the side of the road, and he joined in divvying up the stolen cash and smoking the marijuana taken from Silva.
Based on the foregoing, we hold that the circuit court's decision to revoke Collins's SIS based on his participation in the robbery was not clearly against a preponderance of the evidence.
Affirmed.
Gruber, C.J., and Brown, J., agree.