Cite as 2021 Ark. App. 278

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-20-457

| | |
|---|---|
| CHARLES GRUNENBURG | **Opinion Delivered** June 2, 2021 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-15-224 ] |
| V. | |
| STATE OF ARKANSAS | HONORABLE KIRK JOHNSON, JUDGE |
| APPELLEE | |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

This is a no-merit appeal filed on behalf of Charles Grunenburg following the Miller County Circuit Court's revocation of his suspended sentence. Grunenburg's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k) (2018), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit on appeal. Under *Anders*, counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes. This court's review when counsel submits an *Anders* brief is twofold. We ask whether counsel adequately fulfilled the requirements and whether an independent review of the record presents any nonfrivolous issues. *Walton v. State*, 94 Ark. App. 229, 231, 228 S.W.3d 524, 526 (2006).

The clerk of this court served Grunenburg with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has not done so. We affirm and grant counsel's motion to withdraw.

On May 26, 2015, Grunenburg pled guilty to felony aggravated assault and was sentenced to four years' probation and ordered to pay fines, fees, and costs at a rate of sixty dollars a month. On February 4, 2016, the State filed a petition to revoke Grunenburg's probation alleging that (1) Grunenburg was arrested for public intoxication, (2) he failed to report to his probation officer and his substance-abuse counselor, (3) he did not notify his probation officer of his address, and (4) he had not paid court-ordered costs and fees. Grunenburg pled "true" to the allegations. On March 30, Grunenburg's probation was reinstated with a ninety-day jail sanction and additional costs.

On September 20, the State filed a second petition for revocation for failure to report to his probation officer; leaving the state without permission; and failure to pay court costs, fines, and fees. Grunenburg pled true, and on November 10, his probation was revoked and he was sentenced to four years' incarceration in the Arkansas Department of Correction (ADC) with two years' suspended imposition of sentence. Additional court costs were assessed. Grunenburg's suspended sentence commenced upon his release on April 7, 2017.

On October 10, 2018, the State filed a third petition to revoke. The State contended that Grunenburg had failed to pay fines, costs, and fees and that he had picked up the following new criminal charges:

–December 1, 2017, disorderly conduct

–May 5, 2018, public intoxication

-July 23, disorderly conduct and public intoxication

-September 6, possession of an instrument of crime and criminal mischief

-September 19, active felony warrant for second-degree forgery

On April 21, 2020, the court held a revocation hearing at which Grunenburg did not testify because he had another case pending. Charnell Huff, Grunenburg's probation officer, testified that on October 10, 2018, she received notification that between December 2017 and September 2018, Grunenburg had been arrested six times for the charges set forth above. Huff stated that Grunenburg had not paid any of the court-ordered fines, fees, or costs, and he owed approximately $3070. In response to this report, Huff prepared the petition to revoke Grunenburg's probation. Bethany Frederickson, the Miller County deputy circuit clerk, testified that on October 21, 2019, Grunenburg paid $150 toward his financial obligations and that he owes $3100.

In an order entered April 23, 2020, the court found that Grunenburg had violated the terms and conditions of his probation by committing new criminal violations and failing to pay costs, fines, and fees. The circuit court determined that Grunenburg would not conform his behavior to the requirements of the law and revoked his suspended sentence. Grunenburg was sentenced to two years' imprisonment in the ADC and assessed additional costs and fees. This no-merit appeal follows.

We are satisfied that counsel has demonstrated there is no nonfrivolous argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against Grunenburg. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal

trial may be sufficient for revocation. *Collins v. State*, 2018 Ark. App. 563, at 2, 566 S.W.3d 139, 140. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Id.* The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Id.*

Here, witnesses presented undisputed evidence that Grunenburg made one $150 payment toward his court-ordered financial obligations and was arrested several times during his probationary period. If the alleged violation involves the failure to pay court-ordered fines and costs, the court may revoke the suspended sentence if it finds the defendant has failed to make a good-faith effort to pay the obligation. *Thompson v. State*, 2009 Ark. App. 620. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for his or her failure to pay. *Id.* Grunenburg did not present evidence that his failure to pay fines was excusable. Counsel argued during closing argument that Grunenburg was "constantly" incarcerated and caught in a "vicious cycle"; however, our review of the record does not confirm this statement. Grunenburg's myriad arrests demonstrate that, in fact, he was released from incarceration multiple times such that he committed new crimes and was arrested again. Moreover, Grunenburg did not challenge the fact that he committed new crimes while on probation. We affirm as to the sufficiency of the evidence that Grunenburg inexcusably failed to pay his financial obligations, and he committed new criminal violations.

Aside from the revocation of Grunenburg's suspended sentence, counsel addresses the remaining four rulings adverse to Grunenburg. First, counsel addresses the court's rejection of Grunenburg's counsel's closing-argument statement during the hearing that the court should have held the revocation hearing in 2018. As counsel asserts, the record does not contain any objection to the delay of his revocation hearing; thus, Grunenburg waived his objection to any time delay. We have held that the sixty-day limitation pertaining to revocation hearings is not jurisdictional; rather, it represents the period beyond which the hearing cannot be delayed if the defendant objects. *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503. Thus, when the defendant does not object to the timeliness of the hearing prior to the expiration of the sixty-day period, he waives his right to insist on a timely hearing. *Lane v. State*, 2015 Ark. App. 672, at 5.

Second, counsel addresses Grunenburg's request to make payments on his financial obligations rather than have his probation revoked. As we discussed, Grunenburg presented no evidence that his failure to pay fines was excusable, and for the reasons set out above, this does not present a meritorious point for reversal.

Third, Grunenburg requested a minimum sentence, which the court denied. Arkansas Code Annotated section 16-93-308(g)(1)(A) (Supp. 2019) provides that "[i]f a court revokes a defendant's suspension of sentence or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty." The caveat to the statute is that the sentence may not exceed the applicable statutory maximum when combined with prior imprisonment for same offense. *See Easley v. State*, 2017 Ark. App.

317, at 4, 524 S.W.3d 412, 414. On May 26, 2015, Grunenburg pled guilty to aggravated assault, a Class D felony, which is punishable by no more than six years' incarceration. Ark. Code Ann. § 5-4-401 (Repl. 2013). Though it is not entirely clear how much time Grunenburg served on the original aggravated-assault charge, it is clear that he was incarcerated less than four years; thus, the circuit court's two-year sentence does not exceed the statutory maximum, and the court's refusal to impose a minimum sentence does not present a meritorious ground for reversal.

Fourth, Grunenburg's request to ask a question was denied. After the close of evidence and sentencing, Grunenburg stated, "Your Honor, I have a question." The court denied Grunenburg's request to ask a question, stating, "No. You should have asked to speak during the hearing. I would've been happy to hear you, but the case is over at this point." Counsel did not object, and Grunenburg's question was not proffered; thus, the matter is not preserved for appeal. *See Bohanon v. State*, 2020 Ark. App. 22, at 5, 594 S.W.3d. 92, 96.

Counsel has addressed each of the rulings adverse to Grunenburg, and none presents a nonfrivolous ground for an appeal.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.