Cite as 2021 Ark. App. 342

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-20-608

|  |  |
|---|---|
| ROBERT KRACHEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 22, 2021<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NOS. 24OCR-19-182 & 24OCR-19-195]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

This is a no-merit appeal filed on behalf of Robert Krachey following the Franklin County Circuit Court's revocation of his probation. Krachey's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2021), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit on appeal. Under *Anders*, counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes. This court's review when counsel submits an *Anders* brief is twofold. We ask whether counsel adequately fulfilled the requirements and whether an independent review of the record presents any nonfrivolous issues. *Walton v. State*, 94 Ark. App. 229,

231, 228 S.W.3d 524, 526 (2006). The clerk of this court served Krachey with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has not done so. We affirm and grant counsel's motion to withdraw.

On November 7, 2019, Krachey pled nolo contendere to felony (Class B) residential burglary (24OCR-19-182), misdemeanor theft of property (24OCR-19-195), and felony (Class D) theft by receiving (24OCR-19-195). He was sentenced to four years' probation for each felony count, to run concurrently, and one year of probation for the misdemeanor count, also to run concurrently. Krachey was ordered to pay fines, fees, and costs as well as restitution. The terms of Krachey's probation were to report as directed, obtain employment or education, obtain prior approval before changing his residence or traveling, refrain from using drugs and alcohol, avoid association with other criminals, have no contact with the victim, and obey all laws and court orders. Also, Krachey was prohibited from possessing firearms.

On May 18, 2020, the State filed a petition to revoke Krachey's probation alleging that he had violated the terms of his probation. Specifically, the State alleged that Krachey failed to pay his court-ordered obligations, failed to meet with his probation officer as directed, failed to provide proof of employment, and he committed several new criminal offenses.

On September 3, the court held a revocation hearing. Hallie Russell, an officer with the Ozark Police Department, testified that on March 4, she responded to a call to a residence, and when she arrived, Chelsea Durning told her that Krachey "had been punching her all morning and when she stepped outside, he broke her phone and it

2

continued physically outside the house." Durning also told Russell that Krachey "grabbed her hair and dragged her against the concrete causing scrapes on her back." Russell testified that Durning told her that Krachey had choked her, and Russell took photos of the victim's bruises, which were admitted into evidence. The March 4 body-camera video of Russell's interview with Durning in which Durning described Krachey's attack and showed Russell her bruises, red marks, and broken phone was admitted and played for the court.

Guy Huff, Krachey's parole officer, testified that Krachey was $210 delinquent in payments; he failed to report in November, December, and January; and he had not provided proof of employment since March. Huff stated that in December 2019, Krachey failed to appear, and in January 2020, he was arrested for driving with a suspended license, failure to provide proof of insurance, and speeding. In March 2020, Krachey was charged with felony aggravated assault on a family or household member, misdemeanor fleeing, first-degree interfering with emergency communications, and first-degree criminal mischief.

Linda West, an employee of Bonds and Fines who processes payments for district and circuit courts, testified that she had never received any payment from Krachey.

Chelsea Durning initially testified that on March 4, Krachey hit and choked her, dragged her by her hair across the concrete, and broke her phone. On cross-examination, Durning denied that she called the prosecutor and told her that Krachey had not done those things. She explained that she told the prosecutor she was on methamphetamine on March 4, and she could not remember what happened that day. During the hearing, when Durning was shown photos of the bruises and red marks on her arms, back, and neck, she stated that she only remembered "being on the ground" and that might have caused the red marks.

3

She stated that she did not recall Krachey's choking her but that he "[held] me on the ground; not just, you know, suffocating me." Durning testified that she and Krachey had a long history of domestic violence, and "it's not just his fault." She explained that she had overreacted and was angry when she stated that Krachey choked her. On redirect, the prosecutor asked Durning whether "he kicked you, punched you, drug you on the ground all those things?" Durning responded, "Yeah, he had me on the ground and stuff but, I mean."

Krachey testified that he did not contact his probation officer during his probationary period, and he did not have a good reason for that. Krachey also testified that he had not made payments toward his fines, costs, fees, and restitution because he had been incarcerated for most of the time after his probationary period had begun, though he stated that "I guess there was a couple of months there that I could have tried harder, but I hadn't found a job yet." Krachey explained that he had been self-employed in the log woods but that the money he earned went to his children.

The court revoked Krachey's probation, finding that Krachey had violated the terms of his probation by committing new criminal offenses. Specifically, the court found that Krachey had failed to appear and had committed battery and criminal mischief against Durning. Regarding the original Class B felony residential-burglary charge (24OCR-19-182), the court sentenced Krachey to seven years' incarceration in the Arkansas Department of Correction (ADC). Additionally, the court sentenced Krachey to one year in the Franklin County Detention Center on the misdemeanor theft-of-property charge and six years' incarceration on the Class D felony theft-by-receiving charge (24OCR-19-195). The court

4

imposed four years' suspended imposition of sentence on the residential-burglary charge upon his release. The court ordered all sentences to run concurrently. This no-merit appeal followed.

Counsel has demonstrated there is no nonfrivolous argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against Krachey. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. *Collins v. State*, 2018 Ark. App. 563, at 2, 566 S.W.3d 139, 140. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Id*. The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Id*.

Here, witnesses presented evidence that Krachey committed new criminal offenses, namely battery, criminal mischief, and failure to appear. A person commits battery if with the purpose of causing physical injury to another person, the person causes serious physical injury to another person. Ark. Code Ann. § 5-13-202 (Supp. 2021). A person commits the offense of criminal mischief if he or she purposely and without legal justification destroys or causes damage to any property of another person. Ark. Code Ann. § 5-38-203 (Supp. 2021). Officer Russell testified that Durning told her that Krachey had beaten and choked her, had dragged her across the concrete, and had broken her phone. The body-camera video showed the broken phone and marks on Durning's body. Durning's testimony, though equivocal at times, confirmed that Krachey was physically violent toward her and broke her

5

phone that day. Likewise, the court's finding that Krachey failed to appear is supported by probation officer Huff's testimony to that effect; thus, counsel correctly states that the sufficiency of the evidence presents no meritorious issue for appeal.

Aside from the revocation of Krachey's probation, counsel addresses the remaining two rulings adverse to Krachey. First, counsel addresses the State's sustained objection to Officer Russell's testimony about the age of the marks and bruises on Durning's body. At the hearing, the following colloquy occurred:

DEFENSE COUNSEL: In these pictures that have been provided as evidence by the prosecution, can you tell us in your experience whether this bruise on the arm is a bruise that's aged or had been there on the individual for a while?

PROSECUTOR: Objection. She doesn't know. She's not an expert. She has no knowledge of the bruise.

COURT: You might, a little better foundation. I don't think she's totally here to testify about this. A little more foundation.

Officer Russell testified without further objection, offering her opinion on the age of the bruises based on "common knowledge."

Ark. R. Evid. 701 provides that

[i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(1) Rationally based on the perception of the witness; and

(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Counsel explains that the court may have abused its discretion in sustaining the State's objection and requiring Officer Russell to lay a foundation for her opinion regarding the age of Durning's bruises and marks; however, as stated in the brief, Officer Russell was

6

allowed to state her opinion regarding the age of the marks and bruises without further objection. Because Russell's testimony was allowed, if error occurred, no prejudice resulted. *See Hickman v. State*, 372 Ark. 438, 442–43, 277 S.W.3d 217, 222 (2008) (Absent a showing of prejudice by the defendant, we will not reverse the decision of a circuit court.).

Second, counsel addresses Krachey's request to reinstate his probation explaining that the court's sentencing decision presents no meritorious issue for appeal. Arkansas Code Annotated section 16-93-308(g)(1)(A) (Supp. 2021) provides that "[i]f a court revokes a defendant's suspension of sentence or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty." The caveat to the statute is that the sentence may not exceed the applicable statutory maximum when combined with prior imprisonment for the same offense. *See Easley v. State*, 2017 Ark. App. 317, at 4, 524 S.W.3d 412, 414.

Regarding the original Class B felony residential-burglary charge (24OCR–19-182), the court sentenced Krachey to seven years' incarceration in the ADC. Arkansas Code Annotated section 5-4-401(a)(3) (Repl. 2013) provides that a Class B felony is punishable by five to twenty years' incarceration; thus, the court's sentence is within the statutory range. Likewise, the circuit court's order of an additional four years' suspended imposition of sentence to be served when Krachey is released is also within the statutory guideline. The court sentenced Krachey to six years' incarceration on the Class D felony theft-by-receiving charge, which is also within the statutory range of six years. *See* Ark. Code Ann. § 5-4-401(a)(5). Finally, the court sentenced Krachey to one year in the Franklin County

Detention Center on the misdemeanor theft-of-property charge, which is also within the statutory range. *See* Ark. Code Ann. § 5-4-401(b)(1). The court's refusal to reinstate Krachey's probation presents no meritorious ground for reversal.

Affirmed; motion to withdraw granted.

ABRAMSON and HIXSON, JJ., agree.

*Samuel F. Eastman*, for appellant.

One brief only.