Cite as 2022 Ark. App. 2

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–21–307

| | |
|---|---|
| ANDREW DENNIS BEAL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 12, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-16-868]<br><br>HONORABLE BRADLEY LEWIS KARREN, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

This is a no-merit appeal filed on behalf of Andrew Dennis Beal following the Benton County Circuit Court's revocation of his probation. Beal's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2021), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit on appeal. Under *Anders*, counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes.

This court's review when counsel submits an *Anders* brief is twofold. We ask whether counsel adequately fulfilled the requirements and whether an independent review of the record presents any nonfrivolous issues. *Walton v. State*, 94 Ark. App. 229, 231, 228 S.W.3d

524, 526 (2006). The clerk of this court served Beal with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has not done so. We affirm the revocation and grant counsel's motion to withdraw.

On October 18, 2017, Beal entered a guilty plea to the Class C felony, failure to comply with reporting requirements. He was sentenced to 120 days in the Benton County Detention Center and ten years' probation. On December 4, 2018, the State filed a petition for revocation of suspension or probation alleging that Beal had violated the terms of his probation by discharging from his treatment program unsuccessfully, failing to cooperate with his supervising officer, and misusing his prescription medications. On March 12, 2020, an amended petition for revocation of suspension or probation was filed. In it, the State alleged that in addition to the prior three original violations, Beal had also failed to report after release from incarceration. Thereafter, a second amended petition for revocation of suspension or probation was filed on August 5, 2020, which alleged that in addition to the four prior noted violations, Beal had resided outside the state of Arkansas without permission since March 23, 2020, and that on September 10, 2019, Beal committed the offense of driving while intoxicated, a Class B misdemeanor, in McDonald County, Missouri.

On August 11, 2020, the circuit court held a revocation hearing. Beal pled not true, and waived his right to a sixty-day hearing. The court set the matter for an evidentiary hearing on September 24, 2020.

At the evidentiary hearing, Arkansas Community Corrections Officer Lacey Maybee testified that Beal had violated the terms of his probation in numerous ways including the following: he was not cooperative in his treatment; he failed to cooperate with his

2

supervising officers; he was not taking prescriptions as prescribed; he committed the offense of driving while intoxicated; he failed to report after incarceration; and he continued to reside in Missouri after being instructed not to do so.

At the conclusion of the hearing, the circuit court revoked Beal's probation, finding that Beal had willfully violated the terms of his probation and sentenced him to six years' imprisonment in the Arkansas Department of Correction. This no-merit appeal followed.

Counsel has demonstrated there is no nonfrivolous argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against Beal, and our review of the record confirms the only adverse ruling was the revocation itself. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. *Collins v. State*, 2018 Ark. App. 563, at 2, 566 S.W.3d 139, 140. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Id.* The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Id.*

The terms and conditions of Beal's probation included the requirement that he not commit a criminal offense punishable by imprisonment, that he must not drink or possess intoxicating or alcoholic beverages, and that he must remain within the state of Arkansas unless granted permission to leave. Uncontroverted testimony from Officer Maybee indicated that Beal had been arrested for driving while intoxicated and continued to live in

Missouri in direct violation of the terms of his probation agreement.  The violation of only one condition is sufficient to support a revocation. *Josenberger v. State*, 2010 Ark. App. 243.

The circuit court's finding that Beal willfully violated the terms and conditions of his probation was not clearly erroneous, and there are no other adverse rulings. After our review of the record and counsel's brief, we find compliance with the requirements of Rule 4-3(k) and agree with counsel that an appeal in this case would be wholly without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and KLAPPENBACH, JJ., agree.

*Eric Moore*, for appellant.

One brief only.