Cite as 2022 Ark. App. 269

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-21-514

|  |  |
|---|---|
| RICKY LYNN ST. JOHN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 1, 2022<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-17-950]<br><br>HONORABLE CHARLES E. CLAWSON III, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON HARRISON, Chief Judge

In July 2011, Ricky Lynn St. John was convicted of second-degree sexual assault because he had sexual contact with a five-year-old child. He is classified as a level-three sex offender, meaning he is more likely to reoffend.

In June 2019, St. John was sentenced to ten years' probation on a 2017 charge of failing to cooperate with the registration and reporting requirements in the Sex Offender Notification Act of 1997 ("Act"), codified at Ark. Code Ann. §§ 12-12-901 et seq. (Repl. 2016 & Supp. 2021). His probation required, among other things, that he avoid violating "any local, state or federal laws" in that time.[1]

---

[1]St. John's terms of probation also required him to pay "all costs, fees, fines, and restitution ordered by the Court." The State sought to revoke for failure to pay as well. Because the circuit court found St. John not guilty on that allegation, we omit further reference to the allegation and the related proceedings.

St. John appeals the circuit court's findings that probation should be revoked because he failed to report to his probation officer and committed new violations of the Act. His attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(b), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit to appeal. St. John was notified by certified mail of his right to file pro se points for reversal, but he has not filed any. The State has not filed a brief.

A request to withdraw as counsel on the ground that a criminal appeal is wholly without merit must be accompanied by a brief that includes a list of all rulings adverse to the defendant on all objections, motions, and requests made by either party with an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). Both withdrawing counsel and this court have a duty to perform a full examination of the proceedings to determine if an appeal would be wholly frivolous. *Walton v. State*, 94 Ark. App. 229, 228 S.W.3d 524 (2006).

In probation-revocation proceedings, the State must prove a probationer violated the terms of probation as alleged in the revocation petition by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Dawson v. State*, 2016 Ark. App. 558.

"The sex-offender-registration requirements are mandatory, and the failure to comply with registration is a strict-liability offense." *Hall v. State*, 2022 Ark. App. 232, at 10, ___ S.W.3d ___, ___. The Act requires a sex offender to report, update, and periodically verify registration details with local law enforcement. *See, e.g.*, Ark. Code Ann. § 12-12-904(a)(1)(A) & (B). If an offender expects to reside in Arkansas, the offender must report to

the chief law enforcement officer in the municipality of residence or, if the municipality has no chief law enforcement officer (or the offender will reside in an unincorporated area), the county sheriff. Ark. Code Ann. § 12-12-903(6)(A) & (B).

The Act is drafted broadly to require a sex offender like St. John to facilitate law enforcement's continuous awareness of details including his places of residence or "residency." *See* Ark. Code Ann. § 12-12-903(10). A "residency" includes a place the offender lives, even if he intends to "move or return at some future date to another place[,]" and any temporary residence where the person resides "for an aggregate of five (5) or more consecutive days during a calendar year." Ark. Code Ann. § 12-12-903(10)(A) & (B)(iv). A sex offender is required to report an anticipated change in address to the agency with jurisdiction of the offender's current residency "no later than five (5) calendar days before the sex offender establishes residency or is temporarily domiciled at the new address." Ark. Code Ann. § 12-12-909(b)(1)(A). After relocating, the offender must report to the agency with jurisdiction of the new residency within five calendar days after arrival. Ark. Code Ann. § 12-12-909(b)(1)(B). All those reports must be made in person. And although a sex offender generally must verify registration every six months, *see* Ark. Code Ann. § 12-12-909(a)(1), an offender "claiming to be homeless" must verify registration every thirty days. Ark. Code Ann. § 12-12-909(a)(5).

At the revocation hearing Brian Padgett, St. John's probation officer, testified that he had believed St. John was homeless when he was first put on probation. Vanda Phillips, formerly the sex offender coordinator for Faulkner County, testified that between 2016 and 2020, St. John had been known to live in Jacksonville, Cabot, and Ward and had reported

3

addresses in Vilonia where he could not be found. At least once, he registered an address "that seemed to be a lie." Most recently, St. John had given an address on Highway 89 that turned out to belong to his former mother-in-law, who told Phillips that St. John had never lived there.

St. John called no witnesses. Because related criminal charges were pending, his counsel advised (and St. John chose) not to testify. The State asked the court to revoke St. John's probation because he "continued to bounce from address to address; never had a current phone number, never had a current address, never updated his driver's license requirement." Further, the State noted that St. John's 2017 conviction was for failure to register, a Class C felony, and he was made aware then that failing to comply with the Act would result in revocation. St. John's counsel responded, "Your Honor, I have no response."

The circuit court found St. John guilty of violating Arkansas law and failing to report to his probation officer. It denied St. John's request to hold sentencing in abeyance until after the trial on the substantive charge, at which St. John intended to testify. The court observed that St. John "basically did nothing" to comply with the Act, and "these rules are in place for a reason, whether you agree with them or not." The court imposed 120 months in the Arkansas Department of Correction and advised St. John of his right to appeal. It entered an amended sentencing order later with a ninety-six-month sentence.

Consistent with counsel's duties under *Anders*, St. John's counsel has identified four issues raised below that were decided adversely to St. John and discussed why they are not

4

grounds for a meritorious appeal. Two were the adjudication of guilt and imposition of a revocation sentence.

As counsel notes, there is overwhelming evidence St. John violated the terms of his probation. The record reflects no genuine attempt to comply with the Act, nor any excuse for failing to comply. Moreover, St. John's probation officer testified without dispute that St. John had failed to report for supervision at least three times. The circuit court sentenced St. John within (indeed below) the statutory maximum, which was within its discretion. *See Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680, 684 (describing limited appellate review of sentence within statutory range).

In a third adverse ruling, the circuit court sustained the State's objection to an inquiry about Padgett's understanding of how the Act's five-day registration deadline would apply to a prisoner who was released to an address in Lonoke County but who moved two days later to Faulkner County. St. John's counsel argues this is not a meritorious ground for appeal because the rules of evidence do not apply in revocation proceedings. Further, he argues St. John could not demonstrate prejudice, given the overwhelming evidence that he violated the terms of probation. We agree. Indeed, Padgett's understanding of the Act has no obvious relevance to the issues raised below.

With respect to the last adverse ruling—the denial of St. John's request to hold sentencing in abeyance until after he testified at trial on the related criminal charges—we agree there was no meritorious ground to appeal. There is no requirement to postpone a revocation until a related prosecution is adjudicated, even if proof admissible only in revocation proceedings would "almost obligat[e]" the defendant to testify there. *United*

*States v. Jones*, 299 F.3d 103, 106 (2d Cir. 2002) (hearsay testimony from officers about a victim's account of events). Here, St. John exercised his right not to testify.

Further, St. John could not demonstrate that he was prejudiced by the circuit court's decision not to postpone sentencing. *See Mahomes v. State*, 2013 Ark. App. 215, at 7, 427 S.W.3d 123, 128 (holding that appellant must demonstrate an abuse of discretion and "prejudice that amounts to a denial of justice" to reverse a refusal to grant a continuance). Counsel did not proffer St. John's anticipated testimony at trial on the related charges or explain how the circuit court's access to that testimony would affect St. John's revocation sentence. Finally, before the court denied the request, it noted that it was "obviously convinced there's a violation of the law" in light of the testimony, which was well supported by the record.

Affirmed; motion to withdraw granted.

VIRDEN and VAUGHT, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.