Cite as 2026 Ark. App. 7

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-815

| | |
|---|---|
| DAMIEN DICKERSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 14, 2026<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-19-987]<br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**RAYMOND R. ABRAMSON, Judge**

Damien Dickerson appeals the Faulkner County Circuit Court's order revoking his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Dickerson's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Because Dickerson's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

On February 25, 2021, Dickerson pled guilty to aggravated assault on a family or household member, failure to appear, and criminal mischief. He was sentenced to forty-eight months' probation for aggravated assault and failure to appear. He was sentenced to twelve months' probation for criminal mischief. He was fined $1000 and ordered to pay fees and courts costs.

On May 3, 2022, the State petitioned to revoke Dickerson's probation for aggravated assault and failure to appear. The State alleged that Dickerson had evaded supervision, committed residence and travel violations, tested positive for illegal substances, and failed to pay fines.

On September 9, 2024, the court held a revocation hearing. At the conclusion of the hearing, the court found that Dickerson had violated his probation and then revoked his probation. The court sentenced Dickerson to twelve months in county jail for criminal mischief and sixty months' incarceration for aggravated assault and failure to appear. This no-merit appeal followed.

However, counsel's brief is not in compliance with *Anders* and Rule 4-3(b). Counsel does not address the issue that the circuit court revoked Dickerson's probation on criminal mischief even though his probationary period expired before the State filed its petition to revoke. A circuit court lacks the authority to revoke a defendant's probation and impose sentence after the defendant's period of probation has expired. *See Wilson v. State*, 2017 Ark. App. 64; *Wilson v. State*, 2016 Ark. App. 342.

When an appeal is submitted to this court under Rule 4-3(b) and we believe that an issue is not wholly frivolous, we are required to deny appellant's counsel's motion to withdraw and order rebriefing in adversary form. *Hughes v. State*, 2023 Ark. App. 316; *Runion v. State*, 2012 Ark. App. 30; *Tucker v. State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994). Because Dickerson's counsel fails to demonstrate that an appeal would be wholly frivolous, we direct counsel to file a brief in adversarial format discussing this issue and any others that counsel

may deem appropriate. The State will then have the opportunity to file a response brief. The clerk is directed to reset the briefing schedule.

Rebriefing ordered; motion to withdraw denied.

HARRISON and TUCKER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

One brief only.